## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

ROSENBERGER v. BOWEN.

MARCH 29th, 1888.

1. CHANCERY PRACTICE—*Injunction.*—Under Code 1873, chapter 175, section 6, a judge of a county court may award injunctions where the act or proceeding to be enjoined is apprehended, or is to be done, or is doing in his county or district.

2. IDEM—*Error in judgment—Pending appeal.*—Injunction, awarded to restrain execution of writ of possession on alleged error in the judgment, or on a judgment in complainant's favor for the entire tract whereof the land in question is part, the last judgment being superseded by order of the appellate court, should on motion be dissolved.

3. IDEM—*Judgments—Courts of equity—Fraud.*—Courts of equity do not interfere with judgments 'at law, except where complainant has been prevented from successfully defending at law by fraud, accident or surprise.

Appeal from decree of circuit court of Culpeper county, rendered September 14th, 1886, in a cause wherein George W. Bowen, the appellee, is complainant, and Levi Rosenberger, the appellant, is defendant. Opinion states the case.

*James G. Field*, for the appellant.

No counsel for the appellee.

LEWIS, P., delivered the opinion of the court.

The material facts of the case are briefly these: In 1879, Bowen sold to Rosenberger a tract of land containing about

two hundred and eighteen acres, and put him in possession thereof. By agreement between the parties, at the same time, Bowen continued to occupy the dwelling-house, garden, and orchard on the premises for a stipulated rent. Afterwards Rosenberger sued Bowen in an action of unlawful detainer in the county court of Culpeper county, to recover possession of the dwelling, etc. occupied by him, and obtained a judgment against him. The latter obtained an injunction from the circuit court of Culpeper to the judgment, which, however, was afterwards dissolved, and thereupon he instituted an action of unlawful detainer, in the said county court, against Rosenberger to recover possession of the entire tract of land above-mentioned. The action resulted in a judgment for Bowen, to which judgment the said circuit court having refused a writ of error, the defendant, Rosenberger, obtained a writ of error and *supersedeas* from one of the judges of this court, and the case is now upon the docket of this court.

After the *supersedeas* was perfected, Rosenberger sued out a writ of possession from the clerk's office of the county court to enforce the judgment in his favor above-mentioned, whereupon Bowen filed his bill in the circuit court, praying for an injunction to restrain the execution of the writ, on several grounds. The first was, that the judgment upon which the writ issued was erroneous. Another was, that the complainant had obtained a judgment against the defendant for possession of the entire tract of land, and that it would operate as a hardship upon the complainant to turn him out of possession of the part for the possession of which the defendant had obtained a judgment as aforesaid, before the case pending in this court had been decided. The other grounds are immaterial, and need not be mentioned.

Upon the presentation of the bill, before it was filed, to the judge of the county court, an injunction was awarded, and the cause thereupon regularly proceeded in the circuit court. The defendant demurred to the bill, and also answered. And he

subsequently, at the September term, 1886, moved to dissolve the injunction, but the motion was overruled by the decree complained of.

The errors assigned are—*first*, that the action of the judge of the county court, in awarding an injunction upon a bill addressed to the circuit court, was without authority of law, and therefore void; and, *secondly*, that the injunction ought to have been dissolved and the bill dismissed, because the bill shows no equity on its face.

1. The statute gives authority to every judge of a county court to award injunctions, "whether the judgment or proceeding enjoined be of a superior or inferior court of his county or district, or the party against whose act or proceeding the injunction be asked, resides in or out of the same: provided, such act or proceeding is apprehended, or is to be done, or is doing, in his county or district." Code 1873, ch. 175, § 6.

Under this provision of the statute it is clear that the county judge had jurisdiction to award an injunction to the judgment in question; and the fact that the bill was addressed to the judge of the circuit court, and was afterwards filed in the latter court, does not affect the validity of the injunction which was awarded. It was the evident purpose of the legislature, in passing the statute, to give to suitors a convenient and speedy remedy, by conferring jurisdiction to act in cases like the present upon the county judges of the State, who are required to reside within their respective counties or districts, and who are, ordinarily, for that reason, more accessible to suitors than the judges of the circuit courts, and the injunction was therefore lawfully awarded.

2. It ought, however, to have been dissolved, and the demurrer to the bill sustained. There is no ground set forth in the bill upon which an injunction ought to have been awarded. The simple allegation that the judgment upon which the writ of possession issued was erroneous, constitutes no ground for

the interference of a court of equity. It is not by injunction that the errors of a county court are to be reviewed and corrected. The law provides another remedy for that purpose—namely by writ of error or appeal. A court of equity does not interfere with judgments at law, unless the failure of the complainant to successfully defend at law was because of the acts or representations of the opposite party, or his agents, or was the result of fraud, accident, or surprise, or some other adventitious circumstances beyond the control of the complainant; and no such circumstance are alleged in the present case, nor is it even alleged wherein the errors in the judgments if any, consist. *Marine Ins. Co.* v. *Hodgson,* 7 Cranch, 332; *Slack* v. *Wood,* 9 Gratt., 40; *Dey* v. *Martin,* 78 Va., 1; *Embry* v. *Palmer,* 107 U. S., 3.

Nor does the fact that the complainant has obtained a judgment at law for the entire tract of land, alter the case in the slightest degree. That judgment has been altogether superseded by the order of this court, and the case remains undisposed of; whereas the judgment in favor of the appellant, except for the injunction in the present case, is in full force, and is now irreversible. It is too plain for argument that the bill is demurrable, and ought to have been dismissed. The decree will therefore be reversed, and a decree entered here in conformity with this opinion.

DECREE REVERSED.