# Richmond.

SMITH AND OTHERS v. MOORE, TRUSTEE.

JANUARY 14, 1904.

Absent, Buchanan, J.*

1. APPEAL AND ERROR—*Amount in Controversy—Separate Decrees Against Devisees.*—Where there are no assets in the hands of the personal representative of a debtor out of which to pay a debt against the decedent's estate, it is proper to decree against each of the legatees or devisees for his proportion of the debt. Such a decree is in effect a decree against the decedent's estate, and if the aggregate amount of such decrees exceeds the minimum jurisdictional sum of this court, an appeal lies to this court on behalf of such legatees or devisees.

2. EXECUTORS AND ADMINISTRATORS—*Ex parte Settlements—Evidence—Presumptions.*—The fact that the *ex parte* settlement of a personal representative shows the payment of certain debts against his decedent's estate, does not raise a presumption of the payment of all other debts of the decedent entitled to priority of satisfaction over those paid.

3. LACHES—*Delay in Prosecuting Suit.*—Apparent tardiness in the prosecution of a claim against a decedent's estate, which may be accounted for by the number and character of the claims asserted, and a protracted litigation over one of them, does not amount to such inexcusable delay on the part of a creditor as would justify a court of equity in refusing to grant him relief in the absence of evidence that his claim has been paid.

4. WILLS—*Debts Charged on Real Estate—Equitable Liens—Limitation of Actions.*—Where a testator by his will charges his real estate with the payment of his debts an equitable lien is created in favor of creditors on his lands, in the hands of his devisees, to which there is no bar unless the debts are barred as against the estate of the testator.

*Judge Buchanan was detained at home by sickness.

Opinion.

5. RES JUDICATA—*Decrees—Collateral Attack—Limitation of Actions.*—
   A decree in favor of legatees against an executor and his sureties,
   in a proper suit for that purpose, is conclusive as to the amount
   decreed, and also that the claim of the legatees is not barred by
   the statute of limitations. Such a decree so long as it remains
   unreversed, is binding on all of the parties to the suit in which it
   was rendered, and cannot be collaterally assailed.
6. EQUITY—*Creditor's Bill—Decree for Account.*—A suit brought by a
   single creditor to establish a debt against a decedent's estate be-
   comes a creditor's suit by the entry therein of a decree for an
   account of debts against the decedent's estate, and the statute of
   limitations ceases to run from the date of the decree against all
   creditors of the decedent who come in under the decree.

Appeal from a decree of the Circuit Court of Clarke county,
in a suit in chancery, wherein the appellant, Annie M. Smith,
was the complainant, and the appellees and others were the de-
fendants.

*Affirmed.*

The opinion states the case.

*Blackburn Smith, F. B. Whiting* and *Marshall McCormick,*
for the appellant.

*A. Moore, Jr.,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

William A. Castleman qualified on January 23, 1854, in the
County Court of Clarke county, as executor of the will of Jacob
Isler, deceased, giving bond for fifty thousand dollars, with six
sureties, including Treadwell Smith. In 1873 Champ Shep-
herd and others, legatees and devisees, or otherwise inter-
ested, under the will of Jacob Isler, filed their bill in the County
Court of Clarke county against Castleman, executor of Jacob
Isler, such of his sureties on his executorial bond as were then
living, the personal representatives of such as were dead, in-

cluding R. R. Smith and Charles H. Smith, executors of Tread-
well Smith, who had died, leaving a will, charging his real es-
tate with the payment of his debts, the object of which suit was
to have a settlement and distribution of Jacob Isler's estate.    At
the August term, 1873, of the County Court of Clarke county,
the cause was by decree removed· to the Circuit Court of that
county, and at the February term, 1874, of the Circuit Court
it was referred to Commissioner Louthan to state, among other
things, the executorial accounts of Castleman, executor, &c., so
as to show what amount was in his hands due to his testator's
estate; and Commissioner Louthan having filed his report, to
which there were no exceptions, ascertaining that Castleman,
as executor, was largely indebted to his testatry's estate, a de-
cree was entered on November 27, 1874, against him and his sure-
ties, or their personal representatives, for sundry sums of money
in favor of Jacob Isler's legatees, or their assigns, including
A. Moore, Jr., who, as substituted trustee in the place of R. E.
Byrd, recovered $1,050.16, with interest on $596.98 from June
1, 1874, by virtue of a deed of trust, executed on April 2,
1860, by G. H. Isler, a son of Jacob Isler, deceased, conveying
to R. E. Byrd, trustee, his interest in his father's estate, for the
purpose of securing the payment of certain debts named in the
deed.    At the February term, 1877, of the said court, this de-
cree, as to A. Moore, Jr., sub. trustee, was revived against Cas-
tleman, executor, and his sureties, and on March 5, 1877, an exe-
cution of *fi. fa.* was issued against them, which was returned
"no property found."

    In 1878 Annie M. Smith, one of the devisees of Treadwell
Smith, deceased, filed her bill in the cause, out of which this
appeal arises, asking, among other things, that the debts of
Treadwell· Smith be ascertained; that they be held a charge
under his will on his lands in the hands of each devisee, accord-
ing to such devisee's interest therein—these devisees having, in
1874, made partition of the lands among themselves, and each

one having taken possession of the part assigned him.  This
cause was, by decree of February 6, 1883, referred to one of the
commissioners of the court, who was directed to ascertain and
report, among other things, the indebtedness of the estate of
Treadwell Smith, deceased, and, while the cause was pending
before the commissioner, David Craufurd's administrator pre-
sented a large claim against the estate, which was earnestly con-
tested by the executors and devisees of Treadwell Smith, the
litigation over it continuing until October 1, 1896, when it was
finally ended by the decision of this court, in *Craufurd's Admr.*
v. *Smith, &c.,* 93 Va. 623, 23 S. E. 235, 25 S. E. 657.

By a decree entered October 30, 1875, in this cause (*Annie
M. Smith* v. *Treadwell Smith's Exor., &c.,*), reciting that there
had been no convention of the creditors of Treadwell Smith, de-
ceased, and no settlement, except *ex parte,* of the accounts of his
executors; the cause was again referred to a commissioner to
state and report: (1) The accounts of Treadwell Smith's exe-
cutors; (2) An account of the debts against his estate remaining
unpaid, to whom due, &c., and the priority of any liens on the
estate; and (3) What real estate, of which Treadwell Smith,
died seised, is subject to the payment of his debts, and, if the
land of which he died seised had been partitioned among his
devisees, how much of the unpaid debts was chargeable to each
share.

Responding to this decree, Commissioner Kownslar filed his
report on May 22, 1897, setting forth that one of the executors
of Treadwell Smith had informed him that the executors had
received no funds since their previous settlement, and reporting
certain debts outstanding against Treadwell Smith's estate, in-
cluding the debt asserted by A. Moore, Jr., sub. trustee, stating
that this debt, as reported, was in any event due from Smith's
estate, but as he was a co-surety, in case the amount due by any
one or more of the other sureties was not paid, the liability of
Smith's estate would be increased, as it was ultimately liable for

the whole debt.   He further reported that, by his will, Tread-
well Smith charged his real estate with the payment of his
debts, and that the whole of the estate had been divided among
his devisees, setting forth the quantity and description of the
real estate received by each devisee in this division.   The re-
port of Commissioner Kownslar was several times recommitted
to him, because of exceptions thereto, filed by Treadwell Smith's
executors and devisees, or others, among other things, to take
such evidence as might be adduced before him in support of and
against the claim of Jacob Isler's legatees, and make report upon
the evidence taken; the claim referred to being the claim here
under investigation, and asserted by A. Moore, Jr., sub. trustee,
against Treadwell Smith's devisees.   In obedience to this di-
rection of the court, Commissioner Kownslar filed his report of
May 7, 1899, in which he restated the debt in question, and re-
turned with his report all the evidence adduced for and against
the claim, consisting of exhibits, depositions and agreements of
counsel, and by decree of November 17, 1898, the cause was
again recommitted to Commissioner Kownslar, with the direc-
tion, among others, to take such further evidence as the parties
interested might lay before him in support of or against this
claim.   Responding to this decree, the commissioner filed his
report, again restating the debt, and returning therewith the
further evidence adduced before him by the parties interested,
and upon a final hearing of the cause, the decree appealed from to
this court was entered, by which it was adjudged that A. Moore,
Jr., sub. trustee, do recover of the devisees of Treadwell Smith
("there being no personal estate out of which the amounts hereby
decreed can be paid") the sum of $952.58, with interest on
$596.98 from December 1, 1898, to be paid, one-fifth by Chas.
H. Smith, one-fifth by Annie M. Smith, one-fifth by Chas. H.
Smith, administrator of Emily Smith; one-fifth out of the pro-
ceeds of the sale of the land of R. R. Smith, one-tenth by
Sarah J. Crown, and one-tenth by J. Rice Smith.

Opinion.

It is contended by appellee that the appeal should be dismissed as improvidently awarded, because the amount decreed to be paid by each of the devisees is below the minimum jurisdictional limit of appeals to this court. Were not the executors of Tread-well Smith, as well as his devisees, appealing, this contention could not be sustained. "Where for a debt of a decedent there is no decree *in solido* against his personal representative, but severally against each distributee for his proportion of the debt, which exceeds $500.00, substantially it is a decree *against the decedent's estate,* and as it exceeds in the aggregate the minimum jurisdictional sum, an appeal lies from the decree on behalf of the distributees." *Updike's Admr., &c., v. Lane,* 78 Va. 132.

The opinion in that case, with reference to the motion to dismiss the appeal, because the amount decreed against each of the distributees was less than $500.00, disposes of the question as follows: "As to the point raised, it is sufficient to say, though there is not a decree against the administrator *in form,* yet in substance it is as much a decree against the decedent's estate, and for the full amount of $768.67, then due on his bond, as if the decree had been for that sum *in solido,* the apportionment being specified in the decree for mere convenience." See also *Ryan's Admr.* v. *McLeod,* 32 Gratt. 367, where the opinion by Staples, J., says that, "upon a principle universally conceded and repeat-edly acted upon by this court, lands of all the devisees should bear their ratable proportion of the debts in the first instance, instead of decreeing against one, and turning him around upon the others for contribution."

It is clear from these authorities that it is well settled that where there are no assets in the hands of the personal represen-tatives of the debtor, out of which a debt asserted against a de-cedent's estate may be satisfied, as is the case at bar, it is proper to decree against each of the distributees or devisees for his proportion of the debt, which is substantially a decree *against the* decedent's estate, and the debt in the aggregate exceeding the

minimum jurisdictional sum, an appeal lies from the decree to this court in behalf of the distributees or devisees.

Appellants' 1st, 2nd and 9th assignments of error raise the question, whether or not their pleas of payment, laches, and the statute of limitations, filed before Commissioner Kownslar and overruled by the court below, should have been sustained.

As to the plea of payment, the only evidence in support of it is the deposition of R. R. Smith, one of the executors of Treadwell Smith, and he does not pretend that the debt has been paid, or state any circumstances from which the presumption of payment could be drawn. When asked if he had in his possession receipts for all money paid out by him as one of Treadwell Smith's executors, and, if not, what became of them, his answer was: "I don't know of any receipts that I have. I lost some of my papers, and may have lost some receipts among them." And upon cross-examination he was asked if he had ever made a settlement of his accounts as executor of Treadwell Smith, to which he replied: "I put all my accounts in the hands of Captain Nelson for settlement, and suppose it was done." This settlement by Captain Nelson, commissioner of accounts for Clarke county, appears in the record, and shows that no credit was given on account of any payment to appellee, or on his claim. There appears in the record a list of the debts and the order of their priority, to be paid out of the funds to which appellee was making claim, and because it further appears that he has paid one or more of the debts out of their order of priority, it is contended that all other debts having priority over those paid by appellee must be presumed to have been paid.

In answer to this contention, it is sufficient to say that if appellee has misapplied the funds that may have come to his hands, it is a matter between him and those whose funds have been so misapplied, and does not concern appellants, or affect their liability for the debt in question.

With reference to the question of laches, the most that can be said is that there is apparent tardiness in the prosecution of the claim, but in view of the circumstances surrounding the settlement of Treadwell Smith's estate, the number and character of the debts asserted against it, and the long drawn out litigation over one of them at least—that of David Craufurd's administrator—it cannot be said that this apparent tardiness on the part of appellee amounts to inexcusable delay, or has placed appellants in such a position that a court of equity should relieve them from the payment of his claim.

As has been observed, the will of Treadwell Smith charged his real estate with the payment of his debts, and this charge constitutes an equitable lien on the lands now in the possession of appellants, his devisees, to which lien there is no statutory bar, unless the debt is barred as against the estate of Treadwell Smith. It is true that the liability of Treadwell Smith for the debt here in question originated as far back as 1854, when he became one of the sureties of Castleman, as executor of Jacob Isler, but as there appears no order by a court having jurisdiction of the accounts of the executor, acting upon a settlement of his accounts and directing a delivery of the estate to the distributees of Jacob Isler, deceased (sec. 2921 of the Code), no cause of action against Treadwell Smith's estate, or his devisees, arose until the decree of November 27, 1874, in *Champ Shepherd, &c.,* v. *Jacob Isler's Exor., &c., supra,* whereby it was ascertained that Castleman, as executor, was largely indebted to his testator's estate, and a liability fixed upon the sureties on his official bond, including Treadwell Smith, for the debt now asserted by appellee. This decree was conclusive of the question, whether or not the debt was barred by the statute as against Treadwell Smith's estate, and determined that it was not.

In *Craufurd's Admr.* v. *Smith, &c., supra,* it was held that the suit, if not when brought a creditor's suit, became such by the entry of the decree therein of February 6, 1883, *supra,* and

the statute of limitations then ceased to run against the creditor's of Treadwell Smith's estate. From some cause, undisclosed by the record, unless it was by reason of the litigation over the large claim of David Craufurd's admr., asserted against Treadwell Smith's estate, above referred to, the decree of reference of February 6, 1883, was not executed, and another decree was made in October, 1895, to convene the creditors of Treadwell Smith's estate, during the pendency of which, before Commissioner Kownslar, appellee appeared and asserted his claim. It was then, for the reasons stated, not barred by the statute of limitations, and, therefore, appellants' plea of the statute was rightly overruled.

Of the remaining assignments of error, a number of them relate to the action of the Circuit Court in recommitting the report of Commissioner Kownslar for further proof of appellee's claim, but, beside the fact that appellants excepted to the reports of the commissioner, demanding further proof of the claim, they were in no way prejudiced by the cautious action of the court in allowing the fullest opportunity for proof in support of and against the claim.

Appellants further contend that the Circuit Court erred in considering the decree of November, 1874, in *Champ Shepherd and others* v. *Castleman, Exor., &c., supra,* as evidence against them; but, as has been observed, under the will of Treadwell Smith the lands in the possession of his devisees stand charged with the payment of his debts, which constitutes an equitable lien on the lands to which there is no statutory bar, the debt not being barred as against the estate of the testator, and the suit in which the decree was entered being for a settlement of the accounts of Castleman, as executor of Jacob Isler, in which it was proper to decree against him, in favor of those entitled to his estate, and the claim asserted by appellee being founded upon a decree therein in favor of G. H. Isler, one of the distributees of Jacob Isler, under whom appellee claims, so long as

the decree remained unreversed, it had full force and effect, as well against Treadwell Smith, the surety, as against Castleman, the executor. *Franklin's Admr.* v. *Depriest,* 13 Gratt. 257; *Crawford* v. *Turk,* 24 Gratt. 176; *Supervisors, &c.,* v. *Dunn,* 27 Gratt. 698; *Carr et als.* v. *Meade's Exor., &c.,* 77 Va. 142.

The remaining assignment of error requiring consideration is on the ground that appellee has failed to show that all parties interested under the deed of trust from G. H. Isler to R. E. Byrd, trustee, were before the court when he was substituted in the place of Byrd, as trustee. As has been pointed out, the substitution of appellee, as trustee, in the place of Byrd was in the suit of *Champ Shepherd and others* v. *Jacob Isler's Exor. and others, supra,* to which Treadwell Smith's executors were parties, and the decree is to be given full force and effect, it not having been reversed. It cannot be attacked by the appellants collaterally. *Franklin's Admr.* v. *Depriest, supra.*

Upon the whole case, we are of opinion that the decree appealed from must be affirmed.

                                        *Affirmed.*