# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

Turk and Others v. Ritchie and Others.

November 23, 1905.

1. EQUITY—*Order of Reference—Partial Execution—Proof of Other Debts.*—Until a decree of reference for an account of debts against the estate of a decedent has been fully executed it is entirely proper for a master before whom the reference is pending to report additional debts against the estate.

2. EQUITY—*Final Decree—Proof of Debts.*—In a suit brought by executors to administer the estate of their testator, where there has been a report of a master making a tentative statement on the assets, the unpaid debts so far as ascertained, and estimated balance of assets for distribution among the legatees, a decree which, without confirming the report, directs the payment of certain specified debts and recommits the cause to the master "to take a further account of the transactions of the executors, and, if possible, to make an accurate distribution between the residuary legatees" is not a final decree, and other creditors of the testator may thereafter come in and assert their debts.

3. EQUITY—*Enforcement of Lien—Personal Decree for Balance—Decree against Surety—Limitation of Actions.*—Upon a bill filed by a creditor against principal and sureties in a bond, setting out the execution of the bond and praying its enforcement especially against real estate conveyed in trust by the principal for that purpose, and concluding with the usual prayer for general relief, it is entirely competent for the court to render a decree against the principal and sureties, or their personal representatives, if they are dead, for the balance due on the debt after allowing credit for net amount arising from the sale of the land. Equity having acquired jurisdiction for one purpose will grant complete relief. Moreover, the decree settles all questions as to the validity of the debt, and that it is not barred by limitation.

4. Limitation of Actions.—*Death of Debtor before Cause of Action Accrues—Judgment against Executor—Enforcement of Judgment— Code, section 2920.*—The provision of section 2920 of the Code, declaring that a right of action which accrues to a creditor after the death of a debtor, shall not continue longer than five years after the same shall have accrued, does not bar the claim of a creditor who obtains judgment in 1895 against the executor of a debtor upon a bond upon which the right of action accrued in January, 1894, after the debtor's death, and who proves the judgment in 1899, in a suit brought to settle the debtor's estate.

5. Equity—*Laches.*—The personal representative of a surety cannot complain of laches on the part of the creditor, where the time has been spent in the prosecution of the debt against the estates of of the principal, and of a co-surety for the relief of such surety.

Appeal from a decree in chancery of the Circuit Court of Augusta county in the suit of *Turk's Executors* v. *Turk's Creditors,* in which certain creditors asserted their claims. Decree in favor of creditors. R. S. Turk, surviving executor, and in his own right, and as administrator of William A. Turk, appeals.

*Affirmed.*

The opinion states the case.

*Braxton & McCoy,* for the appellant.

*Bumgardner & Bumgardner, Jos. A. Glasgow, H. G. Eichelberger* and *Charles Curry,* for the appellees.

Cardwell, J., delivered the opinion of the court.

In 1890, Rudolph Turk died testate, appointing W. A. and R. S. Turk his executors. By his will, he directed that all his just debts and funeral expenses be paid as soon after his death as practicable, and, after making two specific bequests, and directing how the residue of his estate was to be divided among his two sons then living and the widow and daughter of a deceased son, empowered his said executors to sell all of his

real and personal estate, or so much thereof as they might deem best in order to carry out the terms of his will, conferring upon them full power to make conveyances of any and all real estate which they might sell, etc.

In September, 1891, W. A. Turk and R. S. Turk, in their own right and as executors, as aforesaid, instituted this suit of *"Turk's Ex'ors* v. *Turk's Creditors,"* the scope and object of which was to convene all the creditors, known and unknown, of the said testator and to settle and distribute his estate under the direction of the court.

At the time of Rudolph Turk's death the appellee, Mary E. Ritchie, nee Shifflett, a daughter of Givens Shifflett, now also deceased, held a bond dated November 20, 1860, for the penal sum of $5,183.60, conditioned for the payment to David Fultz, her trustee, one day after the death of said Givens Shifflett, the sum of $2,591.80, in which Givens Shifflett was principal and the said Rudolph Turk and one D. Bashaw were sureties, which bond was secured by a deed of trust executed by Givens Shifflett to David Fultz, trustee, on a certain parcel of land owned by Shifflett, situated in Augusta county. Givens Shifflett died on January 14, 1894, whereby the said bond became due and payable on the following day, January 15, 1894; and in May, 1894, Mary E. Ritchie filed her bill in equity in the Circuit Court of Augusta county, in which her husband united for conformity, under the short style of *Ritchie and wife* v. *Shifflett's Admr., et als,* to enforce payment of said bond, and to that end to have the deed of trust securing the same enforced. The parties made defendant to this bill were the administrator, widow and heirs at law of Givens Shifflett, deceased, R. S. Turk and W. A. Turk, the executors of Rudolph Turk, deceased, Darwin Bashaw, and the executor of David Fultz, deceased, who was trustee for Mary E. Ritchie, and as such held the naked legal title to the land conveyed in the deed of trust.

That cause was referred to a master commissioner, who filed his report, to which there was no exception, showing that Givens

Shifflett had no personal assets, and that the land (123 acres) covered by the deed of trust securing the bond of Mary E. Ritchie was all of his estate, and that the sum due her was $2,591.80, with interest from January 15, 1894. This report of the master was duly confirmed and commissioners appointed by decree of May 20, 1895, to sell the land; and these commissioners subsequently reported a sale of the land to R. S. and W. A. Turk for the sum of $530.00, which was confirmed. The net proceeds of sale, after payment of costs, was $405.30, which being credited on the debt of Mary E. Ritchie left due thereon, as of the day of sale, the sum of $2,472.42, to be paid by the sureties, the estate of the principal debtor having been exhausted; and by a final decree entered in the cause December 10, 1895, after setting forth the proceedings aforesaid and ascertaining that the sum of $2,472.42, was still due to Mary E. Ritchie, it was adjudged, ordered, and decreed that, "N. C. Watts, sheriff of Augusta county, and as such administrator of Givens Shifflett, deceased, out of assets in his hands for administration, W. A. Turk and R. S. Turk, executors of R. Turk, deceased, *de bonis testatoris,* and Darwin Bashaw, *de bonis propriss,* pay to the plaintiff, Mary E. Ritchie, the sum of two thousand four hundred and seventy-two dollars and forty-two cents, with interest thereon from the 16th day of November, 1895, till payment." In the chancery causes heard together of *Brown* v. *Bashaw, Ritchie and wife* v. *Bashaw,* and *Bashaw* v. *Bashaw,* the estate of Darwin Bashaw, the co-surety with Rudolph Turk on Mary E. Ritchie's bond, was administered, his real estate sold, and the proceeds in part applied to the payment of this debt. The sum realized from Bashaw's estate was $1,217.29, which left, as the liability against Rudolph Turk's estate, the sum of $2,302.22, with interest on $2,279.43 from November 1, 1902.

During all this time the suit of *"Turk's Ex'ors* v. *Turk's Creditors,"* was pending and undetermined, in which there had been several decrees of reference to a master commissioner to ascertain and report the debts outstanding against the estate of

Rudolph Turk, deceased, and of the assets of the estate, none of which had been fully executed, though there was a report of the master filed January 4, 1895, making a tentative statement of the assets, the unpaid debts outstanding, as far as ascertained, and an estimated balance of assets for distribution among Turk's residuary legatees, of which R. S. Turk and W. A. Turk were each entitled to one-third. This report was acted on in a decree entered May 16, 1895, in which the court, *without confirming the report,* adopted certain specific portions of it, directed payment of certain specified debts, and a partial distribution of the assets of Turk's estate among his residuary legatees, requiring refunding bonds to be given, and recommitted the cause to a master, "to take a further account of the transactions of the executors, and, if possible, to make an accurate distribution between the residuary legatees;" but upon subsequent developments so much of the said decree as invested R. S. and W. A. Turk with title to certain lands of the estate they had purchased was set aside and annulled, and they were directed to pay on account of their purchase money bonds for said lands a sum sufficient to make up the deficiency in assets necessary to discharge the unpaid debts of the estate. No report was made on this last mentioned decree of reference till December 15, 1900, and in the mean time a decree was entered—December 9, 1895—requiring a commissioner to whom the cause already stood committed, to report particularly as to the liability asserted against the estate by one P. D. Byerley. Commissioner Waddell having failed to execute the references called for in the decree theretofore entered, a decree was entered December 13, 1898, referring the cause to Commissioner Nelson to take the accounts required by those decrees, and on July 15, 1899, while the cause was before Commissioner Nelson under the unexecuted orders of reference, Mary E. Ritchie came into it by petition, setting up her debt against the estate of Rudolph Turk, deceased, by

virtue of the Shifflett bond and the decree in the case of *Ritchie and wife* v. *Shiffltt et als,* to which demand Turk's executors interposed the plea of the statute of limitations, and the plea of laches.

On November 24, 1899, a decree was entered bringing the cause on for hearing on said petition and directing Commissioner Nelson, to whom the cause then stood referred, to report on the matters set up in said petition in addition to the matters called for in the previous decree, and in response to that decree Commissioner Nelson filed his report December 15, 1900.

From this report it appeared, *inter alia,* that R. S. and W. A. Turk (who had procured their bonds to the estate for $11,074.64 to be cancelled), were inbedted to the estate in their executorial capacity in the sum of $1,142.30, as of December 13, 1900; that the distribution account, as stated by Commissioner Waddell, should be reduced to meet additional indebtedness; and that there were outstanding against the estate debts due to P. D. Byerley, Mary E. Ritchie and Jas. O. Hobbs, stating the amount of each; the debt reported as due to Mary E. Ritchie being subject to credit for such amount as might be realized from D. Bashaw's real estate. By an *addendum* to this report, filed November 12, 1902, Mary E. Ritchie's debt is restated, allowing credit for the sums realized on the debt from Bashaw's estate, and ascertaining the balance of the debt to be paid from the estate of Turk.

Upon the hearing of the cause on said report and the exceptions of Turk's executors thereto, the court by its decree of June 26, 1903, overruled the exceptions, confirmed the report and adjudged that the estate of Rudolph Turk was indebted to P. D. Byerley in the sum of $196.54, with interest on $144.52, part thereof, from December 15, 1900; to Mary E. Ritchie in the sum of $2,302.22, with interest on $2,279.34, part thereof, from the 1st day of November, 1902; and to J. O. Hobbs in the sum of $182.40, with interest on $100.00, part thereof, from the 13th day of December, 1900; that said debts consti-

tuted valid subsisting debts against the estate of Rudolph Turk, deceased, properly assessed in the cause, and in no wise barred by the statute of limitations or the laches of the parties; and that said debts constituted all the unpaid indebtedness of said estate, except the costs of the suit; and decreed that R. S. Turk and W. A. Turk, executors of Rudolph Turk, deceased, pay, *de bonis testatoris* to the several parties stated the several respective sums, etc.

From this decree R. S. Turk, in his own right and as surviving executor of R. Turk, deceased, and administrator of W. A. Turk, deceased, obtained an appeal to this court.

No grounds for reversing the decree with reference to the debt of P. D. Byerley, contracted by the executors of Rudolph Turk, deceased, in preserving the property of the estate, is assigned in the petition for this appeal nor pointed out in the argument here, and therefore we are not called upon to consider the decree in that aspect.

With reference to the debt decreed to J. O. Hobbs, we deem it only necessary to say, that until the report of Commissioner Nelson, filed December 15, 1900, reporting *inter alia* the debt due to Hobbs, the decrees of reference theretofore entered directing inquiry and report of the debts outstanding against Rudolph Turk's estate were never fully executed, and the data arrived at whereby an accurate account could be made for the final distribution of the assets of the estate; therefore it was until then entirely proper for Commissioner Nelson to report any outstanding valid debt against the estate, and for the court to decree its payment.

The attack upon so much of the decree appealed from as settled the right of appellee, Mary E. Ritchie, to recover of Turk's estate the balance due her on the Shifflett bond, is made substantially upon three grounds: (1) That the decree of May 16, 1895, in *Turk's Executors v. Turk's Creditors,* was a final decree, and a creditor of the estate was thereby precluded from coming into the cause and asserting a demand against the estate;

(2) that the decree rendered against Turk's executors, in the suit of *Ritchie and wife* v. *Shifflett, &c.,* relied on by appellee in her petition in this suit, is absolutely void; and (3) even if said decree were valid, it could not be relied on in this cause to repel the plea of the statute of limitations interposed by Turk's executors herein.

There is not, as we view it, an element of finality in the decree of May 16, 1895. The report of the master acted on in the decree did not purport to be a final finding as to the debts outstanding against Turk's estate, but only a partial statement of the accounts and matters necessary to a winding up of the estate. Nor does the decree confirm the report except as to certain specific findings, and recommits the cause to the master to take a further account of the transactions of the executors, and, "if possible to make an accurate distribution between the residuary legatees," thus leaving the assets of the estate still under the control of the court, liable for the payment of any valid debts against the estate which might be reported under the unexecuted decrees of reference made in the cause, and which were not fully executed, as we have remarked, until the report of Commissioner Nelson filed December 15, 1900.

The contention of the learned counsel for appellant touching the validity of the decree in favor of appellee and against the executors of Turk, entered in the suit of *Ritchie and wife* v. *Shifflett, &c.,* and asserted in this cause, is, not that the court entering the decree did not have jurisdiction of the subject matter of the litigation in that cause and of the parties interested therein, but that the court transcended its jurisdiction in decreeing, upon the pleadings, in favor of appellee against the executors of Turk for the balance ascertained to be due her on the Shifflett bond. In other words, that the bill filed by appellee in that cause contained no intimation of the assertion of any claim against Turk's estate, and therefore the court was without jurisdiction to enter the decree in question.

The bill, upon which the decree was made, fully sets forth

the facts as to the execution of the bond by Givens Shifflett with Rudolph Turk and D. Bashaw as his sureties; the execution of the deed of trust to Fultz, trustee, to secure the same; the death of Givens Shifflett, Turk, and Fultz; and charges, that "your orator and oratrix are entitled to have the sum due to your oratrix, as secured as aforesaid, collected and paid over to your oratrix, and to convene before a court of equity the personal representative and the heirs at law and distributees of Givens Shifflett, deceased, and the personal representatives of David Fultz, deceased, and the personal representatives of Rudolph Turk, deceased, in order that the conditions of the bond of Givens Shifflett and Rudolph Turk and Dr. Bashaw, his sureties, executed as aforesaid to David Fultz . . . may be enforced." The executors of Rudolph Turk, deceased, as well as the other parties suggested in the charge of the bill, were made parties defendant thereto, the prayer of the bill being that the personal estate of Givens Shifflett, deceased, might be applied in due course of administration to the payment of said debt, and that in the event that said personal estate proved insufficient, which it was alleged would be the case, the tract of land upon which the debt asserted was secured be sold and the proceeds of sale applied to the payment of the debt, and concluded with the usual prayer for general relief.

Plainly the bill charged a liability upon the sureties of Givens Shifflett, as well as upon his estate, which the plaintiff would have enforced if the estate of the principal and the land specifically bound for the debt proved insufficient, whereby the sureties or their personal representatives were put on notice of the liability asserted against them. Therefore, the granting of the decree over against the executors of Turk for the balance ascertained to be due to appellee on the claim asserted, after exhausting the estate of the principal debtor, was not inconsistent with either the case made in the bill or the prayer for special relief, and was entirely proper under the prayer for general relief. 1 Bar. Chy. Prac. (2nd Ed.), 281-2; *Walters* v.

*Bank,* 76 Va. 121; *Beverly* v. *Rhodes,* 86 Va. 415, 10 S. E. 572; *Fayette L. Co.* v. *L. & N. R. R. Co.,* 93 Va. 274, 24 S. E. 1016; *Laurel Creek, &c., Co.* v. *Browning,* 99 Va. 528, 39 S. E. 156; *Jones* v. *Tunis,* 99 Va. 220, 37 S. E. 841; *Vaught* v. *Meador,* 99 Va. 569, 39 S. E. 225, 86 Am. St. Rep. 908; *Dun* v. *Stowers, ante,* p. 290; 51 S. E. 366.

In *Beverly* v. *Rhodes, supra,* the bill was filed against the personal representatives of the principal and sureties in the bond sued on, and merely set out the execution of the bond, its assignment to the plaintiff, the qualification of the personal representatives of the deceased obligors; that they left estates, real and personal, out of which the plaintiff's debt should have been paid, and the personal representatives of the deceased obligors were made parties defendant, the special prayer of the bill being that the payment of the debt demanded be enforced, and to this end that all proper accounts might be taken, and concluded with the usual prayer for general relief. Upon a final hearing of the cause the decree was against the defendants for the amount of the debt, to be paid *de bonis testatoris,* and against Jas. B. Beverly, personally, who was the executor of William Beverly, one of the deceased sureties who had left ample estate to pay his debt, and whose estate had been fully administered in another suit to which the plaintiff in *Beverly* v. *Rhodes,* was not a party. From this decree Jas. B. Beverly appealed, and insisted that the Circuit Court erred in not dismissing the bill on demurrer, because the plaintiff had an adequate remedy at law and no pretext for coming into a court of equity; and further that the plaintiff's action was nothing but an ordinary action upon a plain bond, and her bill nothing but a declaration, wherefore, even if the court was of opinion that it had jurisdiction of the case made, it ought to have submitted the questions of payment, laches, etc., to a jury. But this court held otherwise, and affirmed the decree of the Circuit Court, upon the principle applied in the authorities just cited, and which are in

accordance with the opinion in the very early case of *Parker* v. *Dee,* 2. Chy. Cas. 200, where it was said: "When this court can determine the matter, it shall not be a hand-maid to other courts, nor beget a suit to be ended elsewhere."

The decree asserted by appellee in this cause, being a valid decree, settled all questions as to the validity of the debt claimed by her, and that the debt was not barred by the statute of limitations when the decree was made. *Brewis* v. *Lawson,* 76 Va. 36, and authorities cited; *Smith* v. *Moore,* 102 Va. 260, 46 S. E. 326. In fact it is not contended that the debt was barred when the decree in question was entered, but that as appellee did not assert her right to recover of the estate of Turk on the bond of Givens Shifflett until July 15, 1899, five years and six months after January 15, 1894, when her cause of action thereon accrued, her demand is barred by the statute (sec. 2920 of the Code of 1887), which is as follows:

"*Limitations of personal actions generally.*—Every action to recover money which is founded upon an award, or on any contract, other than a judgment or recognizance, shall be brought within the following number of years after the right to bring the same shall have accrued . . . ; provided, that the right of action against the estate of any person hereafter dying, on any such award or contract, which shall have accrued at the time of his death, or the right to prove any such claim against his estate in any suit or proceeding, shall not in any case continue longer than five years from the qualification of his personal representative, or if the right of action shall not have accrued at the time of the decedent's death, it shall not continue longer than five years after the same shall have accrued."

The decree for this liability on Turk's estate, rendered on the 10th day of December, 1895, is asserted in this cause on the 15th day of July, 1899, three years and a half afterwards, while the cause was not only still pending and undetermined

but the debts outstanding against Turk's estate not fully ascertained, and the estate not distributed; so that by no possible construction to be given section 2920, *supra,* can it have any application to the case under consideration.

It will be observed that appellee is not asserting in this cause a demand on the original cause of action—the Shifflett bond which became payable January 15, 1894—but the decree of December 10, 1895, into which the right of action on the original demand was merged, and, as we have said, that decree is conclusive of the question whether or not the debt was barred by the statute as against Turk's estate; therefore, the plea of the statute, interposed by Turk's executors, was rightly overruled.

There is no ground whatever for complaint on the part of Turk's executors, or residuary legatees, that appellee first prosecuted her suit of *Ritchie and wife* v. *Shifflett, &c.,* the result of which was to exhaust the assets of Shifflett estate, to secure a large contribution from the estate of Bashaw, the other surety of Shifflett, and thereby to reduce the liability of Turk's estate for appellee's demand to the minimum; wherefore appellant's defense of laches is wholly unavailing.

In the able arguments of counsel, other questions were raised and elaborately discussed, but in the view taken by the court of the case it becomes unnecessary to consider them.

The decree of the Circuit Court is affirmed.

*Affirmed.*