# Richmond.

## ALVIS AND OTHERS v. SAUNDERS AND OTHERS.

### March 14, 1912.

1. JUDGMENTS—*Collateral Attack—Void Judgments.*—If it appears upon the face of the record that the court was without authority to enter a decree, such decree binds no one, and may be assailed directly or collaterally; but the decree of a court of competent jurisdiction, in a suit between proper parties, is valid and conclusive until reversed on some proper proceeding in the same suit and in the same court, or on appeal, unless there be some sufficient ground of fraud or surprise to entitle the injured party to relief in some other suit. Such a decree cannot be collaterally attacked, unless it is void. If it is merely erroneous, it is voidable only, and objection on that account must be made, if at all, in the same suit in which the error was committed, or by appeal from the decree therein, and not by an independent suit.

2. JUDGMENTS—*Collateral Attack—Death of Defendant—Failure to Make Heirs Parties.*—Where a court has acquired jurisdiction of a defendant and the subject matter of a suit, and the defendant dies before the rendition of the judgment or decree, such judgment or decree is not thereby made void so as to permit its impeachment in a collateral proceeding, whether the fact of such death does or does not appear on the face of the record. Under such circumstances, the failure to make the heirs of the deceased defendant parties to suit to subject defendants' land to the payment of liens is error which can only be taken advantage of in some direct proceeding to vacate the decree. The decree cannot be collaterally assailed.

Appeal from a decree of the Chancery Court of the city of Richmond. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*William L. Royall,* for the appellants.

*George Bryan,* for the appellees.

HARRISON, J., delivered the opinion of the court.

The facts essential to a clear understanding of this appeal, which involves the propriety of the action of the Chancery Court of the city of Richmond in sustaining a demurrer to the plaintiffs' bill, are shown by the record to be that Robert Alvis became, in April, 1877, the owner of a valuable estate in Charles City county known as Weyanoke; that he paid part of the purchase money and secured $20,000, the residue thereof, by a deed of trust on the property, bearing even date with the deed conveying the same to him; that in 1885, Alvis being heavily in debt, with numerous judgments against him, a chancery suit was brought by one of his creditors in the Hustings Court of Manchester, where he owned other real estate, for the purpose of subjecting his lands to the payment of a judgment. This suit became a general creditors' suit for the benefit of all his creditors, an injunction being awarded in the cause restraining the trustees from selling the Weyanoke estate until the further order of the court.

In 1894, while the suit was still pending, Alvis died intestate, and in 1895 his death was suggested of record, and his widow, who was his administratrix, was made a party to the suit, but his heirs were not made parties at that time, nor have they since been made parties. In October and December, 1895, decrees were entered directing an account of liens, which were duly executed, the report of liens being returned to the court and confirmed. In July, 1896, a decree was entered appointing several commissioners to sell the lands of Alvis for the satisfaction of the liens binding the same. By the terms of the deed of trust securing the purchase money on the Weyanoke estate, that property was to be sold on thirty days advertisement, but the decree directed a sale on ten days advertisement. In pursuance of the decree the sale was made in August, 1896, and E. A. Saunders and A. H. Drewry, who had acquired the unpaid purchase money bonds due thereon, became the purchasers, at the price of $15,000, which was far below the amount necessary to satisfy the outstanding purchase money then due. This sale was confirmed by decree of August 24, 1896, and a deed was ordered to be made to the purchasers.

By sundry wills and conveyances, the title that was by these

27

proceedings vested in the two purchasers of Weyanoke has now passed to E. A. Saunders, Jr., the appellee in this case. Although this creditors' suit was still pending in the Hustings Court of Manchester, this independent suit was brought in the Chancery Court of Richmond by the heirs of Robert Alvis, deceased, alleging that, inasmuch as they were not made parties to the suit in the Manchester court, all decrees and proceedings had in that cause, after the death of their ancestor, were null and void as to them, and could be assailed collaterally in the present proceeding; and that inasmuch as the legal title to Weyanoke had passed to the defendant, E. A. Saunders, Jr., though without warrant of law, they could not maintain ejectment, and were, therefore, compelled to go into a court of equity for relief; and they pray that Saunders may be required to deliver to them possession of Weyanoke, with all of its improvements, and free from all liens and charges whatsoever, and may be decreed to pay them all rents and profits since he has been in possession. There is no question of any alleged fraud in the bill.

Several grounds of demurrer are relied on by the defendant, but in our view of the case it is only necessary to consider the ground upon which the chancery court rested its decree dismissing the bill. That ground involves the question whether the complainants can in this independent suit assail collaterally the decrees of the Manchester court by which the sale of Weyanoke was ordered and confirmed.

It is a familiar principle that, if it appears upon the face of the record that the court was without authority to enter a decree, such decree binds no one, and may be assailed either directly or collaterally. Nor is it necessary to cite the numerous decisions of this court in support of the equally well understood doctrine that the decree of a court of competent jurisdiction, in a suit between proper parties, is valid and conclusive until reversed on some proper proceeding in the same suit and the same court, or on appeal, unless there be some sufficient ground of fraud or surprise to entitle the injured party to relief in some other suit. Such a decree cannot be collaterally attacked, unless it is void. If it is merely erroneous, it is only voidable, and objection on that account must be made, if at all, in the same suit in which the error

was committed, or by appeal from the decree therein, and not by an independent suit.

As was said in *Lancaster* v. *Wilson*, 27 Gratt. (68 Va.) 629: "This is not merely an arbitrary rule of law, established by the courts, but it is a doctrine founded upon reason and the soundest principles of public policy. It is one which has been adopted in the interest of the peace of society and the permanent security of titles."

It is undoubtedly true that when the creditors of Robert Alvis brought their suit in the Hustings Court of Manchester to subject his real estate to the satisfaction of their debts, and made the judgment debtor who was the sole owner of such real estate a party defendant, they were in a court of competent jurisdiction, with full power and authority over the parties and the subject matter. Nor did this rightful jurisdiction of the Manchester court, as contended by appellants, cease upon the death of the defendant Alvis. The decrees entered therein after the death of Alvis, without his heirs being made parties, did not make such decrees void but merely voidable. It is well settled in this State that where the court has acquired jurisdiction of the defendant and the subject matter, and the defendant dies before the rendition of the judgment or decree, and the fact of death does not appear on the face of the record, such judgment or decree is not thereby made void so as to permit its impeachment in a collateral proceeding. Under such circumstances, the failure to make the heirs of the deceased defendant parties would be error which could be taken advantage of only in some direct proceeding taken to vacate the decree. *Evans* v. *Spurin*, 6 Gratt. (47 Va.) 107, 52 Am. Dec. 105; *Neale* v. *Utz*, 75 Va. 480; *Wilcher* v. *Robertson*, 78 Va. 602; *Robinett* v. *Mitchell*, 101 Va. 762, 45 S. E. 287, 99 Am. St. Rep. 928.

In the case last cited it is said: "The judgment, though erroneous and voidable, if assailed in a direct proceeding for that purpose, is effective unless and until set aside, and may not be collaterally attacked. That is the settled doctrine of this court, and a different rule would lead to great inconvenience and mischief."

The only difference between the case at bar and those we have cited is that in the present case the fact of the defendant's death was suggested of record before the decrees were entered, while in

the cases cited the fact of death did not appear on the record when the judgment or decree was rendered. Does the circumstance that the death of the defendant appeared of record render the decrees in the suit pending in the Hustings Court of Manchester void, and make them subject to collateral attack? This precise question has never before been presented for our consideration. It has, however, we think, been answered by high authority.

In Freeman on Judgments, sec. 153, after stating the rule as laid down in *Evans* v. *Spurgin, supra*, the learned author says: "Even in such cases" (where the death of a party appears on the record) "the judgment is simply erroneous, not void. This is because the court, having obtained jurisdiction over the party in his lifetime, is thereby empowered to proceed with the action to a final judgment; and, while the court ought to cease to exercise its jurisdiction over a party when he dies, its failure to do so is an error to be corrected on appeal, if the fact of death appear on the record, or by writ of error *coram nobis*, if the fact must be shown *aliunde*."

This statement of the law is adopted by the court in *Watt* v. *Brookover*, 35 W. Va. 325, 13 S. E. 1007, and is again repeated in the note to that case found in 29 Am. St. Rep. 817.

In *Yaple* v. *Titus*, 41 Penn. St. 195, 80 Am. Dec. 604, a case often referred to, and which is cited in *Allen* v. *Hoffman*, 83 Va. 134, 2 S. E. 602, the court says: "Now, it would seem to be well established that, in civil proceedings against a person, his death does not so completely take away the jurisdiction of a court which has once attached as to render void a judgment subsequently given against him. The judgment is reversible in error, if the fact and time of death appear on the record, or in error *coram nobis*, if the fact must be shown *aliunde*. But it is not void."

In *Claflin* v. *Dunn*, 129 Ill. 245, 21 N. E. 834, 16 Am. St. Rep. 263, the court adopts and approves the quotation we have made from *Yaple* v. *Titus, supra*.

It would be difficult to suggest any substantial reason why a court should be held to have been without jurisdiction to proceed with a pending cause after it had been formally notified of the death of the defendant, when it is held not to have lost such jurisdiction where the death of the defendant does not appear of

record. In either case it is mere error, like the mistake alleged with respect to the advertisement, subject to correction directly, but not collaterally.

Upon reason and authority, we are of opinion that the decrees of the Hustings Court of Manchester are not liable to collateral attack in this suit, notwithstanding the fact that Robert Alvis died in 1894, that his death appeared of record, that said decrees were not pronounced until two years after his death, and the cause was never revived against his heirs.

The learned judge of the chancery court properly dismissed the bill, without prejudice to the right of the complainants to make application to the Manchester court in the creditors' suit pending therein; the questions raised by the other grounds of demurrer being left open for the decision of that court, should complainants be advised to present their case to that tribunal.

The decree appealed from is without error, and must be affirmed.

*Affirmed.*