# Richmond

## J. H. WHITE, ADM'R v. IRA E. THOMPSON, ET AL.

June 9, 1947.

Record No. 3211.

Present, Holt, C. J., and Gregory, Browning, Eggleston, Spratley
and Buchanan, JJ.

The opinion states the case.

*A. T. Griffith*, for the appellants.

*I. M. Quillen* and *Raymond J. Boyd*, for the appellees.

Holt, C. J., delivered the opinion of the court.

W. A. Howard was appointed trustee to administer certain funds under the will of I. F. Jones, deceased. These funds he took over and in one way or another dissipated them. All that was left of this trust estate was an unsecured note of date May 11, 1932, for $4,030.00, executed by Ira E. Thompson and Ollie Thompson, his wife, to W. A. Howard, trustee. It passed to C. W. Davis, substituted trustee, and was at one time thought to be of little value. Subsequently it came into the possession of J. H. White, administrator of the Howard estate, and was reduced to judgment as of September 12, 1939. This suit to enforce it was instituted November 5, 1945.

In December, following, a decree of reference was entered in which a master commissioner was directed to report what

lands said defendants owned and the liens thereon. It was referred to a master commissioner and was executed by Commissioner L. S. Owens, who on January 16, 1946, filed his report, in which he set out in detail the real estate held by these defendants.

Since the filing of that report, a portion of their real estate has passed to the County School Board of Russell County by virtue of condemnation proceedings. The consideration paid therefor was $5,000, which is now under the control of the court, to be paid out as directed.

These are the liens reported: First, one for taxes, $267.97; second, a judgment on a $4,030.00 note, which, with interest, attorneys' fees and costs, amounted to $8,078.36, of date January 11, 1946.

There was another decree of reference entered on the 17th day of September, 1946, executed by Master Commissioner I. A. Beauchamp, from which it appears that there is outstanding a judgment against J. H. White, administrator of the estate of W. A. Howard, deceased, of date March 1, 1939, entered in the chancery cause of Miriam G. Thomas, et al., beneficiaries under the will of I. F. Jones, deceased, v. J. H. White, Administrator, et al., for the sum of $17,501.88, subject to certain credits, leaving a balance due of $6,800.46.

The decree of March 1, 1939, was in substance a judgment in favor of the beneficiaries of Jones and against the personal estate of W. A. Howard, held by White, administrator.

To the report of Commissioner Beauchamp, these exceptions were taken:

"(1) Because the court is without jurisdiction to hear and determine in this suit the matters attempted to be raised in the petition and pleadings;

"(2) Because there has not been offered any sufficient legal evidence upon which to base a finding for the petitioners Miriam Thomas and others; and

"(3) Because the claim of the petitioners, Miriam Thomas and others is barred by the statute of limitations, and a recovery cannot be had thereon."

It is said that taxes reported have since been paid. That is

not denied, but even if they have not been paid, there is under control of the court funds out of which they can and should be paid. For these reasons, we may dismiss that charge from further consideration.

The judgment on the $4,030.00 is not under attack, although the manner in which its proceeds are to be distributed is.

We have seen that there was paid into court by the County School Board of Russell County $5,000 for land condemned, and it is contended that this sum stands just as did the land taken. Code, section 4374.

The court directed that costs be paid; that there be paid to complainant's attorney a fee of 10% on the net balance, and that the residue be paid over to Miriam D. Thomas, and others, or their attorneys.

If this were a final settlement, that decree might be premature, but it is not. This brings up the claim of appellants' counsel for compensation. That claim is urged in more than one assignment and may be finally disposed of at this time.

■ He brought an ordinary chancery suit for the enforcement of a judgment. There were two references and two judgments—one for $8,078.36 and one for $6,800.46. Counsel should be paid a reasonable compensation for his services, but not until the lands mentioned in the original bill and set out in the report of Master Commissioner Owens are sold can we know what fund he has brought into this cause. Moreover, in fixing his fee two things are to be remembered: Said master commissioner has already allowed him 10% on the $4,030.00 note and interest, reduced, as we have seen, to judgment. Also no part of his fee should be taxed against Miriam Thomas and others, petitioners, for he has not only not represented them but has sought in every proper way to defeat their claim. It follows that no counsel fees should be paid until the $6,800.46 judgment shall be paid in part or in full.

In *Stuart* v. *Hoffman & Co.*, 108 Va. 307, 61 S. E. 757, the court said:

"The last utterance of this court upon the subject was in *McCormick* v. *Elsea*, 107 Va. 472, 59 S. E. 411, in which Judge Whittle, speaking for the court, said:

"'Except in rare instances, the power of a court to require one party to contribute to the fees of counsel of another party must be confined to cases where the plaintiff, suing in behalf of himself and others of the same class, discovers or creates a fund which enures to the common benefit of all; but the discretion vested in the court should never be exercised in a case where the interests of the party whose fund is sought to be charged are antagonistic to the party for whose benefit the suit is prosecuted.'"

It is said that that judgment is barred by the statute of limitations and was not supported by adequate proof.

In *Wynne* v. *Newman*, 75 Va. 811, Judge Burks said:

"Such judgment by a court having jurisdiction to render it, can be vacated only by some direct proceeding at law, either in the court in which the judgment was recovered or some other court having appellate jurisdiction. See 2 Story's Eq. Jurisprudence, sec. 1571; Graham & Waterman on New Trials, ch. 17, pp. 1482, 1483, and cases cited." See also, *Alvis* v. *Saunders*, 113 Va. 208, 74 S. E. 153, and *Rosenberger* v. *Bowen*, 84 Va. 660, 5 S. E. 697.

The petition of February 18, 1946, was not to establish a lien on land but to collect from the administrator the balance due to the heirs of Jones on the judgment of March 1, 1939, for $17,501.88. If there was anything the matter with the original judgment the remedy was by appeal. Not only was this claim of these heirs presented to White, administrator of the estate of Howard, deceased, but on it a judgment was actually entered.

It is charged that petitioners' judgment of $6,800.46 was rendered on insufficient proof. If that be true, the remedy was by appeal.

In *Turk* v. *Ritchie*, 104 Va. 587, 52 S. E. 339, this court said:

"The decree asserted by appellee in this cause, being a valid decree, settled all questions as to the validity of the

debt claimed by her, and that the debt was not barred by the statute of limitations when the decree was made. *Brewis* v. *Lawson*, 76 Va. 36, and authorities cited; *Smith* v. *Moore*, 102 Va. 260, 46 S. E. 326."

The statute of limitations relied upon, Code, section 5810, requires that a claim against a decedent's estate must be reduced to judgment within five years from the date of qualification of his personal representative. It does not require that it be enforced within that time.

In *Sipe* v. *Taylor*, 106 Va. 231, 55 S. E. 542, it was said that a decree against a personal representative of an estate was conclusive so far as the statute of limitations was concerned, and that Code, section 2920 (now Code, section 5810), had no application.

If petitioners are beneficiaries under the Howard trust, then, in no event, could the statute of limitations be pleaded against them. *Berry* v. *Berry*, 119 Va. 9, 89 S. E. 242; 34 Am. Jur., sections 175, 176.

These petitioners had the right to intervene. The $17,501.88 represented the entire liability of Howard, trustee. That trust was for the benefit of the Jones heirs, and petitioners are the Jones heirs. When they sought to intervene, the only asset of the trust estate was the $4,030.00 note, once thought to be of little value. If these petitioners could not be paid out of the proceeds of this note, they could not be paid at all. Its proceeds should be applied to this trustee's debts, and, so far as the record goes, there is no valid claim against it, except the claim of the Jones heirs.

Negotiations were in progress between White, administrator, and Ira E. Thompson, under which the claim against Thompson was to be settled for $5,000. These petitioners then knew nothing about it. Had it been consummated, they could never, under any conditions, have been paid the amount of their claim.

Equity takes but one bite at a cherry.

Among assignments of error we deem it necessary to pass upon these:

Should counsel for plaintiffs' in the original bill be paid out of the fund by order of court a fee for professional services? We hold that he should ultimately be so paid, subject to the limitations which we have noted. This assignment is in fact premature. The chancellor below has not undertaken in advance to pass upon any allowance which should be made to counsel and of course he could not until the amount of the fund which may be realized is in fact known.

Had petitioners a right to be heard? They had, and for reasons heretofore noted. Are their claims barred by the statute of limitations? They are not, and that also for reasons noted.

Arguments on other errors claimed have wandered far. They are without merit to an extent which would make a detailed discussion of them unfruitful.

The decree appealed from is affirmed, and this cause is remanded.

*Affirmed and remanded.*