# Richmond

## W. LAWRENCE BRANTLEY, ET AL.

## V.

## WILLIAM G. KARAS, II, ETC., ET AL.

November 21, 1979.

Record No. 771919.

Present: All the Justices.

*John W. Edmonds, III* (*Russell V. Palmore, Jr.; George W. Taylor, Jr.; Paul C. Kincheloe, Jr.; Mays, Valentine, Davenport & Moore,* on brief), for appellants.

*Michael McGettigan* (*Murphy, McGettigan, McNally & West,* on brief), for appellees.

I'ANSON, C.J., delivered the opinion of the Court.

This is a chancery proceeding brought by the executors, trustee, and beneficiaries under the will of Nina Mae Karas for a determination

of the beneficiaries' interests in a promissory note in which the appellants purchased an interest. On this appeal we consider three issues: whether the appellants, W. Lawrence Brantley and his wife, were holders in due course, whether the appellees provided sufficient evidence to rebut the presumption of equal ownership of the note, and whether the attorney's fees incurred in this suit by the executors are recoverable from the purchasers' interest in the note.

The significant facts in this case are not disputed. Nina Mae Karas and her sister, Mary Ellen Rogers, inherited a tract of land from their parents. Mrs. Karas sold her one-half interest in the land in May 1973, with her husband joining in the conveyance as a grantor. The purchasers executed a promissory note for $96,667, payable "to the order of NINA MAE KARAS and WILLIAM G. KARAS." Under the terms of the note, the purchasers were obligated to pay only the interest on the loan for the first five years; thereafter, they were to begin reducing the principal. The note was placed with a bank for collection. In accordance with the bank's policies, the Karases indorsed the note in blank. Payments on the note were deposited in the Karases' joint account.

On April 9, 1974, Mrs. Karas died. Her will, executed in August 1973, provided that her husband, William G. Karas, Sr., was to receive "all interest monies received in the first five years" after the sale of her one-half interest in the tract. After these five years, she bequeathed "any remaining monies owed for this property" to her husband and her three children, "share and share alike." The inventory and appraisement of the estate filed by the husband, who was appointed executor,* listed the entire note of $96,667 as the property of his wife. The state inheritance tax return filed by Karas on May 9, 1974, listed the entire amount of the note as solely an asset of his wife's estate. The federal estate tax return filed on June 17, 1974, listed the note as jointly owned property. Unlike other property listed as jointly owned in the federal tax return, the entire amount of the note, rather than one-half, was listed as her property. In the same tax return, the husband disclosed that he was to receive $24,167 from the note, approximately one-fourth of its face value.

On February 4, 1975, Karas sold his share of the note to Gerald and Jane Pressman for $5,000. Karas informed Gerald Pressman that his share consisted of the interest collected in the five-year period and

---

* Prior to the institution of the present suit, Karas, Sr., was removed as his wife's executor and William G. Karas, II, and Mary Ellen Rogers, who are among the appellees in this case, were named in his place.

a portion of the principal equal to that received by the children. On March 21, 1975, the Pressmans sold their interest in the note to W. Lawrence and Beatrice E. Brantley for $32,000. After reading the Karas will, Gerald Pressman concluded that Mr. and Mrs. Karas were co-owners of the note and that her will entitled Karas to one-quarter of his wife's one-half interest. Consequently, the Pressmans warranted to the Brantleys that the Pressmans' interest in the note consisted of a one-half interest in the whole note and not less than a one-quarter interest in the remaining one-half of the note.

Before purchasing the note, Brantley made his own investigation concerning the various parties' interests in the note. He read the Karas will and the appraisal of her estate. He also spoke with Herman Lutz, the attorney for the Karases. According to Lutz, he told Brantley that the note could not be sold, that the real estate whose sale had generated the note had been owned solely by Mrs. Karas, that Karas could not sell him an interest in the note, and that minor children were involved. Brantley also talked with Mary Ellen Rogers, sister of Mrs. Karas. Rogers testified that she informed Brantley that under the will Karas received only the interest monies to be paid during the five-year period and shared equally with the children after that time. Prior to purchasing the note, Brantley called Karas and asked for what price he had sold the note to the Pressmans. Karas refused to tell Brantley the price paid by the Pressmans.

The trial court determined that the Brantleys were not holders in due course because Mr. Brantley's investigation provided him with actual notice of the claims against the instrument. Thus, although the Brantleys were holders of the note, their rights were subject to all defenses. The court also concluded that the Brantleys acquired only whatever interest in the note Karas acquired under his wife's will. The court ordered that the note, an estate asset, be placed for collection in a bank mutually agreeable to the attorneys representing the appellants and appellees. Finally, the court refused to require that the Brantleys pay any portion of the executors' attorney's fees.

The Brantleys claim that they are holders in due course and that their interest is thus not subject to the claims raised here. They further contend that, in addition to the share derived from the will, Karas had a one-half interest in the note because the note listed both Mr. and Mrs. Karas as co-payees. Consequently, they contend that their interest in the note, derived from the sale of Karas' interest, is considerably larger than that recognized by the trial court. The appellees assign as cross-error the trial court's ruling that the Brantleys were not required to pay the executors' attorney's fees in this action.

■ We first address the Brantleys' contention that they are holders in due course. Under Code § 8.3-302(1), a holder in due course is defined as "a holder who takes the instrument (a) for value; and (b) in good faith; and (c) without notice . . . of any defense against or claim to it on the part of any person." Under Code § 8.1-201(25), a person has notice of a fact if he has actual knowledge of it or he has reason to know it from the facts and circumstances of which he has actual knowledge.

■ The trial judge, after reviewing the evidence, determined that Mr. Brantley had actual knowledge of the claims against the instrument. In particular, he relied upon the testimony of Lutz and Rogers, who warned Mr. Brantley that the note could not be sold, that Karas was the executor of his wife's estate, that his children had an interest in the note, and that Karas was only entitled to interest due during the first five years and a portion of the principal. Brantley's reading of the will and of the appraisal of the estate filed by Karas also gave him notice of Karas' limited interest in the note.

In a decision handed down prior to the enactment of the Uniform Commercial Code, *Goodloe* v. *Smith,* 158 Va. 571, 582, 164 S.E. 379, 382 (1932), we held that a jury's determination that a purchaser had actual knowledge of a claim against a note cannot be disturbed if reasonable persons might differ as to the conclusions of fact established by the evidence. This same rationale applies to factual findings by a judge trying a case without a jury. Having reviewed the evidence, we determine that the trial judge's findings of fact are supported by the evidence.

■ Having determined that the Brantleys are not holders in due course, we consider the Brantleys' claim that they own a greater interest in the note than that allowed by the trial court. All parties correctly note that tenants in common are presumed to have equal ownership in the absence of proof to the contrary. *Swan* v. *Swan's Ex'r,* 136 Va. 496, 519, 117 S.E. 858, 865 (1923) (securities); *Smith* v. *Alderson,* 116 Va. 986, 989, 83 S.E. 373, 374 (1914) (land); *Jarrett* v. *Johnson,* 11 Gratt. (52 Va.) 327, 333 (1854) (land). While this presumption of equal ownership applies as well to negotiable instruments, a co-payee may rebut this presumption with evidence establishing a contrary division of ownership. The issue of a co-payee's interest in a promissory note is a question of fact to be determined by the evidence. *First Federal Savings & Loan Ass'n* v. *Branch Banking & Trust Co.,* 282 N.C. 44, 54-55, 191 S.E.2d 683, 690 (1972).

■ After hearing the evidence, the trial court ruled that the pre-

sumption of equal ownership had been rebutted by clear and convincing evidence. In his letter opinion, the trial judge concluded that Karas never claimed a greater interest in the note than that provided by the will and that Karas' appraisal of the estate indicated his total lack of interest in the note. Other facts not mentioned by the trial court support its conclusion that the presumption had been rebutted. Mrs. Karas' will, written three months after the sale of the real estate, indicates that she was the sole owner of the note and that she never intended her husband to have a half-interest in it. Secondly, if Karas had believed that he owned one-half of the $96,667 note, it is improbable that he would have sold his interest in the note for a mere $5,000.

When a party objects to the judgment of a lower court as contrary to the evidence, that party must establish that the judgment is plainly wrong or without evidence to support it. Code § 8.01-680. Since the evidence in the present case supports the trial court's finding that the presumption had been rebutted, we affirm its ruling that the Brantleys acquired only whatever interest was derived by Karas under his wife's will.

■ We turn now to the appellees' contention that the trial court erred in refusing to allow the attorney's fees incurred by the executors to be paid out of the Brantleys' interest in the promissory note. The trial court's decree provided that the appellees' attorney's fees were to be paid out of the Karas children's interest in the note. The court also ordered William G. Karas, Sr., to pay attorney's fees of $1,000 to the appellees' counsel. The award of attorney's fees against Karas is not an issue in the present case.

We have held that courts should not require a party to contribute to another party's legal fees where the interests of the party whose fund is sought to be charged are antagonistic to the party for whose benefit the suit is prosecuted. *Norris* v. *Barbour,* 188 Va. 723, 742, 51 S.E.2d 334, 342 (1949); *White* v. *Thompson,* 186 Va. 567, 572, 42 S.E.2d 868, 870 (1947). Since an allowance of attorney's fees would have been violative of this rule, we hold that the trial court did not err in refusing to allow attorney's fees to be paid out of the Brantleys' interest in the promissory note.

For the reasons stated, the decree of the trial court is

*Affirmed.*