ALDRICH, Senior Circuit Judge.
 

 This is an action brought by Eugene B. Berman, trustee in bankruptcy of Leroy A. and Mildred C. Provencher, against the bankrupts. Hereinafter the husband will be referred to as the defendant when that term is used in the singular. Voluntary petitions were filed and adjudicated on February 24, 1971, and Berman was elected trustee on April 14, 1971. This action was instituted on January 31, 1975. Following hearings it was dismissed, with an opinion on the merits, by the bankruptcy judge. His decision was affirmed by the district court, which stated that it was not clearly erroneous in fact and was correct in law.
 

 On this appeal defendants’ brief argues in a crescendo, culminating with an expression of indignation and a demand for damages and double costs. We would have been happier if defendants had more fully addressed some of the singular facts recounted in plaintiff’s brief, taken from defendant’s own testimony.
 

 A corporation, Ramblewood Associates, Inc., was formed on January 14, 1971, by attorneys named Ogan at the behest of one Berezin. The corporation was to deal in real estate, defendant was to work for it, and its income was to, and did, consist of commissions resulting from defendant’s activities. A week later, on learning that defendant had such debts that he intended to file in bankruptcy, Berezin ceased to have any interest in the company. Thereafter, although the Ogans remained nominal officers, defendant, as treasurer and sole employee, had charge of the company’s checking account, from which he paid his expenses, personal as well as business. On February 24, 1971, the date of filing and adjudication in bankruptcy, the checking account showed a balance of $499.81. On February 26, an additional $1,305 was deposited, presumably commissions already due defendant at the time of bankruptcy. It does not appear what further obligations, if any, were then owed on account of work by defendant prior to bankruptcy, although defendant’s testimony suggests that other work had been done. No Ramblewood stock was issued until defendant’s new counsel took over the matter in May.
 

 In his bankruptcy schedules defendant made no mention of Ramblewood Associates, Inc., either as his employer or as his property, or of its bank account. In May, 1971, Ramblewood acquired a piece of real estate, and on this defendant built a residence. The cost of the land was met by Ramblewood funds, which had been augmented in part by defendant’s postbank-ruptcy efforts and possibly by family gifts. On February 17, 1972, Ramblewood conveyed the property to defendants, but the deed was not recorded until March 26,1974.
 

 The bankruptcy judge found that defendant “owned [no] stock of Ramblewood” at the time of the bankruptcy, neglecting to note that defendant, by his own admission, was the sole equitable owner. He dismissed all claims against the real estate on the ground that it was “after-acquired property.” In addition, the bankruptcy judge accepted defendant’s assertion of the two year statute of limitations, section 11(e) of the Act, 11 U.S.C. § 29(e), on the ground that there had been no showing of fraudulent concealment of the cause of action.
 

 To begin with this last, the record appears to us as questionable as a county fair shell game. No explanation has been offered how defendant, in filing bankruptcy schedules, could overlook Ramblewood, whose employee he admittedly was, and whose checking account, composed of his own funds, he was using, personally, right
 
 *825
 
 up to his filing in bankruptcy. Indeed, only two days later he deposited into that account $1,305, as to which it does not appear anyone else had any possible claim. Nor was any explanation given why defendant’s counsel should hold the deed of the real estate to defendant for two years without filing it with the Registry of Deeds.
 

 Even without fraud, in the sense of willful deceit, the bankruptcy judge was wrong on the law. Section 11(e) does not bar a trustee’s claim against the bankrupt for assets improperly concealed or misstated on the schedules.
 
 In re Schreiber,
 
 2 Cir., 1928, 23 F.2d 428,
 
 cert. denied,
 
 227 U.S. 593, 48 S.Ct. 529, 72 L.Ed. 1005.
 
 See also Burnham v. Todd,
 
 5 Cir., 1943, 139 F.2d 338, 342. Although at the time of
 
 Schreiber
 
 section 11 was somewhat different in language, it was no different in substance from the version in effect in 1975. While these are old cases, so far as we can discover their reasoning has never been assailed. We agree with it. Defendants’ argument that “there should be repose” comes from a poor source.
 
 *
 

 In all fairness, we are not critical only of defendants; the trustee, too, is guilty of overreaching. His rights are to trace funds into the real estate, not to acquire outright the house built by defendant, or even a full interest in the land, as he here contends. Plaintiff is entitled to a money judgment in the amount of $499.81, the sum in the Ramblewood account at the time of adjudication, plus all funds thereafter improperly paid into that account. Alternatively,
 
 Locke v. Old Colony Trust Co.,
 
 1935, 289 Mass. 245, 253, 193 N.E. 892, to the extent that he can follow the funds into the real estate,
 
 but cf. Sonnenschein v. Reliance Ins. Co.,
 
 2 Cir., 1965, 353 F.2d 935, 937-8; A. W. Scott, The Law of Trusts §§ 518-518.1 (3d ed. 1967), he may claim the proportionate share of the real estate attributable thereto.
 
 Gulf Petroleum, S.A. v. Collazo,
 
 1 Cir., 1963, 316 F.2d 257; A. W. Scott, ante, § 516. However, his claim that he may take the whole, regardless of what portion was legitimately paid for by other funds, is as extraordinary as it is insupportable. This could be done only if the purchase were “wholly the product of the plaintiff[’s] money with no admixture of [defendant’s] own.”
 
 Sullivan v. Sullivan,
 
 1947, 321 Mass. 156, 158, 71 N.E.2d 894, 896.
 

 The orders below are vacated, and the action remanded for further proceedings consistent herewith. It should be assigned to a different bankruptcy judge.
 
 Haverhill Gazette Co. v. Union Leader Corp.,
 
 1 Cir., 1964, 333 F.2d 798, 808,
 
 cert. denied,
 
 379 U.S. 931, 85 S.Ct. 329, 13 L.Ed.2d 343; United States District Court for the District of Massachusetts Local Rule 8(i).
 

 *
 

 Defendants contend that plaintiff learned the full facts as to Ramblewood in December 1972. The record does not support this, but neither does it appear that the matter was considered. Furthermore, the record does not show whether the estate has been closed. We express no opinion whether, in the further hearing, the defendants may claim laches.
 
 Cf. In re Thomas,
 
 7 Cir., 1953, 204 F.2d 788. Similarly, we note that, even if section 11(e) were to apply here, in view of defendants’ concealment its limitations period would not begin to run until plaintiff uncovered the truth.
 
 Dabney
 
 v.
 
 Levy, 2
 
 Cir., 1951, 191 F.2d 201,
 
 cert. denied,
 
 342 U.S 887, 72 S.Ct. 177, 96 L.Ed. 665.