# Welford Wiglesworth, Jr.

## v.

# H.F. Taylor, III, Trustee, etc., et al.

Record No. 890831

April 20, 1990

Present: All the Justices

*Larry D. Catlett (Jane Chittom; Catlett & Kaplan,* on brief), for appellant.

*Robert A. Canfield; Sandy T. Tucker (George W. Marget, III; Canfield, Moore and Shapiro; Williams, Mullen, Christian & Dobbins,* on briefs), for appellees.

JUSTICE WHITING delivered the opinion of the Court.

The primary issues in this appeal are: (1) whether the two-year statute of limitations contained in § 11(e) of the Bankruptcy Act of 1898[1] bars a suit by a trustee in bankruptcy to recover post-bankruptcy distributions to a bankrupt trust beneficiary by co-trustees of a testamentary trust; (2) whether the co-trustees are entitled to reimbursement from the trust for attorney's fees and costs incurred in defending such distributions; and (3) whether the bankrupt must repay the co-trustees for any improper distributions to him.

On December 14, 1977, Welford Wiglesworth, Jr. filed a voluntary petition in bankruptcy. On January 10, 1978, H. Franklin Taylor, III, was duly appointed trustee of the bankrupt estate. In his schedule of bankruptcy assets, Wiglesworth listed an alleged contingent remainder interest in a trust, created in 1975 by the will of his father, Welford Wiglesworth, Sr. Wiglesworth noted that he derived one-fourth of his annual income from this trust.

The will directed that Wiglesworth's share of the net income of the trust be paid to him "at convenient intervals," and that Wiglesworth's share of the trust corpus be distributed to him, if he was living upon the remarriage or death of his father's widow. The will, however, authorized invasion of the corpus in case of "illness, misfortune, or some emergency affecting the welfare of my wife, a child of mine or the issue of a deceased child of mine." United Virginia Bank (the bank) and Robert Gray Wiglesworth were named and qualified as co-trustees of the trust.

On April 10, 1979, more than a year after he qualified as trustee, Taylor wrote to the bank informing it of Wiglesworth's adjudication as a bankrupt and Taylor's consequent claim of an ownership interest in the trust. Taylor requested financial information about the trust; however, he made no demand for payment of any

---

[1] This proceeding is controlled by the Bankruptcy Act of 1898 (the Act), *as amended by* Act of June 22, 1938, Pub. L. No. 696, ch. 575, 52 Stat. 840. Unless otherwise noted, all citations will be to those portions of the Act in effect during 1977.

trust assets. Taylor sent a copy of this letter to Wiglesworth and his attorney.

By letter dated April 16, 1979, the bank's lawyer provided Taylor with a copy of the will and informed him that the co-trustees had disbursed $2,511.33 to Wiglesworth as an income beneficiary. Asserting a fiduciary relationship between the bank and other beneficiaries, the bank's lawyer declined to furnish any other information, but invited Taylor to make further inquiry about the information provided. Taylor failed to do so.

Approximately six years passed before the co-trustees or their counsel received any further written communication from Taylor. During this period, Taylor neither asked the bankruptcy court to determine the nature of Wiglesworth's interest in the trust, nor retained counsel to advise him. It was only after the bankruptcy court inquired about the status of the proceeding that Taylor took further action.

On April 26, 1985, Taylor filed a complaint with the bankruptcy court seeking an "Order Directing Turnover of Property." By order and memorandum opinion dated November 12, 1985, the bankruptcy court dismissed Taylor's complaint for lack of jurisdiction. Consequently, Taylor filed a motion for judgment in the Circuit Court of the City of Richmond on January 7, 1986. The case was transferred to the equity side of the court pursuant to Code § 8.01-270.

After an evidentiary hearing and argument by counsel, the trial court concluded that: (1) Taylor's interest in the trust assets vested on December 14, 1977, upon Wiglesworth's filing of the petition in bankruptcy; and (2) the two-year statute of limitations contained in § 11(e) of the Act barred recovery of any disbursements made to Wiglesworth before January 7, 1984, two years before he filed this suit. The chancellor held that all trust income or assets disbursed to Wiglesworth after January 7, 1984, were Taylor's property in his capacity as trustee and should be paid to him until Wiglesworth's creditors were satisfied. The chancellor also required Wiglesworth to pay 60 percent of the co-trustees' costs and attorney's fees. Wiglesworth appeals.

## I. LIMITATION PERIOD AND LACHES

Wiglesworth and the co-trustees argue that Taylor's entire claim is barred by the two-year statute of limitations contained in § 11(e) of the Act. This section provided:

> A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy.

■ Wiglesworth and the co-trustees rely principally upon *Herget* v. *Central Nat. Bank & Trust Co.*, 324 U.S. 4, 8-9 (1945). *Herget*, however, is inapposite. *Herget* and § 11(e) deal only with those claims or rights of action which existed at the time of the filing of the petition in bankruptcy, and were thus "inherited" by the bankruptcy trustee from the debtor. Here, we are not concerned with Wiglesworth's pre-petition rights to trust distributions, but rather with Taylor's rights to *post*-petition distributions. Section 11(e) does not affect rights of action which accrue to a bankruptcy trustee after the filing of the petition in bankruptcy. *See Berman* v. *Provencher*, 614 F.2d 823, 825 (1st Cir. 1980); *United States* v. *Paul Hardeman, Inc.*, 260 F. Supp. 723, 726 (M.D. Fla. 1966); *Burnham* v. *Todd*, 139 F.2d 338, 342-43 (5th Cir. 1943); *Tuffy* v. *Nichols*, 120 F.2d 906, 909 (2d Cir. 1941); *Stanolind Oil & Gas Co.* v. *Logan*, 92 F.2d 28, 31 (5th Cir. 1937). The last three cases construe predecessor statutes which are different in language, but similar in substance to § 11(e).

Accordingly, we conclude that the two-year period prescribed in § 11(e) does not bar Taylor's claim.

Nevertheless, Wiglesworth and the co-trustees contend that Taylor's claim is barred by an undisclosed state statute of limitations, or laches. According to them, upon the co-trustees' first post-petition distribution to Wiglesworth more than six years before Taylor filed this suit, a single right of action accrued to Taylor under state law to sue for all future trust distributions of income and corpus. We do not agree.

■ Under Virginia law, rights of action generally do not arise upon future periodic obligations until they are due, even though there has been a default in the performance of one of the earlier periodic obligations. *See Jones* v. *Morris Plan Bank*, 168 Va. 284, 290, 191 S.E. 608, 609 (1937) (installment payments on note); *see also*, 18 S. Williston, *A Treatise on the Law of Contracts* § 2026C (3d ed. 1978 & Supp. 1989) [hereinafter S. Williston].

Therefore, because the testamentary trust provided for periodic distributions, Taylor had no right to sue for future trust distributions until they were payable, even though there may have been a default in an earlier payment.

Moreover, in the absence of his denial or repudiation of the trust, which must be communicated to the beneficiary, a fiduciary cannot assert the bar of the statute of limitations or laches against the trust beneficiary. *Patterson* v. *Hewitt*, 195 U.S. 309, 317-18 (1904); *Bacon* v. *Rives*, 106 U.S. 99, 107 (1882); *Broaddus* v. *Gresham*, 181 Va. 725, 734, 26 S.E.2d 33, 36-37 (1943); *Russell's Ex'rs* v. *Passmore*, 127 Va. 475, 511, 103 S.E. 652, 664 (1920). Therefore, because Taylor is vested with title to Wiglesworth's bankruptcy assets under § 70a[2], *Isaacs* v. *Hobbs Tie & Timber Co.*, 282 U.S. 734, 737 (1931), and the co-trustees gave him no notice of their alleged denial or repudiation of the testamentary trust, the co-trustees cannot assert the defense of laches or a statute of limitations against Taylor.[3]

Wiglesworth is not subject to the fiduciary limitation discussed above; nevertheless, the trial court held that he could not assert the defense of laches against Taylor, because Wiglesworth came into court with "unclean hands." Because application of that doctrine depends upon the facts of a particular case, *see, e.g.*, *Whitlow* v. *Mountain Trust Bank*, 215 Va. 149, 153, 207 S.E.2d 837, 841 (1974), it is appropriately left to the sound discretion of the fact finder. *See City of Norfolk* v. *Kohler*, 234 Va. 341, 346, 362 S.E.2d 894, 897 (1987). Given: (1) Wiglesworth's vague description of his trust interest which was listed in his bankruptcy petition; (2) his duty to turn over to Taylor all of the bankruptcy assets which he possessed, *see Maggio* v. *Zeitz*, 333 U.S. 56, 61 (1948), as well as his knowledge that Taylor was claiming an in-

---

[2] Section 70a of the Act provided in pertinent part:
The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this Act. . . .
Wiglesworth and the co-trustees have not assigned error to the trial court's holding that Wiglesworth's interest in the testamentary trust is an asset of the bankruptcy estate under § 70a. Thus, title thereto vests in Taylor by operation of law.

[3] The co-trustees' liability, however, is limited to those payments made after they had notice of Wiglesworth's bankruptcy. *Bank of Marin* v. *England*, 385 U.S. 99, 102-103 (1966); 11 U.S.C. § 542(c) (1982) (codifying the *England* rule in the Bankruptcy Code of 1978).

terest in his share of the trust; and (3) his failure to notify Taylor of the income he received after he filed his bankruptcy petition, we cannot say that the trial court abused its discretion in invoking the "unclean hands" doctrine.

## II. ATTORNEY'S FEES

■ We must also decide whether the co-trustees can obtain reimbursement from the trust estate, or from Wiglesworth's interest therein, for the attorney's fees which the co-trustees incurred in this litigation. Although a trustee is entitled to reimbursement from the trust for reasonable attorney's fees expended in protecting the trust, *Cohn* v. *Central Nat. Bank*, 191 Va. 12, 23, 60 S.E.2d 30, 35 (1950); *Willson* v. *Whitehead*, 181 Va. 960, 965, 27 S.E.2d 213, 216 (1943), a trustee should not receive such reimbursement when he caused the litigation. *See Clare* v. *Grasty*, 213 Va. 165, 172, 191 S.E.2d 184, 189 (1972); 3 A. Scott, *The Law of Trusts* §§ 188.4, 188.6 (4th ed. 1988) [hereinafter A. Scott]. "[I]f the [co-trustees] negligently permitted a third person [Wiglesworth] to obtain possession of the trust property, the expenses of the litigation that resulted must be borne by the [co-trustees] personally." 3A A. Scott, § 245. We conclude that the co-trustees' negligent post-notice distributions of income to Wiglesworth were the cause of this litigation. Therefore, they are not entitled to reimbursement for attorney's fees from the trust.

■ Nor may the co-trustees recover their attorney's fees from Wiglesworth personally under the facts of this case. A litigant cannot be required to pay another litigant's attorney's fees when they have hostile interests in the litigation. *Brantley* v. *Karas*, 220 Va. 489, 494, 260 S.E.2d 189, 192 (1979); *Norris* v. *Barbour*, 188 Va. 723, 741-42, 51 S.E.2d 334, 342 (1949); *White* v. *Thompson*, 186 Va. 567, 572, 42 S.E.2d 868, 870 (1947). Although counsel for the co-trustees sought to defend their improper payments, Wiglesworth also employed independent counsel for the same purpose. Moreover, because the co-trustees sought to place the burden of their improper payments upon Wiglesworth personally, or upon his interest in the trust, Wiglesworth's and the co-trustees' primary interests were hostile.

## III. LIABILITY OF WIGLESWORTH FOR IMPROPER PAYMENTS

Wiglesworth contends that he should not have to repay the co-trustees for any of their improper distributions to him, because he relied on their "superior expertise" in making these distributions. We find no merit in this argument. Wiglesworth is liable for any money paid to him by mutual mistake, even though both parties were negligent in failing to ascertain whether these payments were proper. *See City Nat. Bank of Norfolk* v. *Peed*, 2 Va. Dec. 623, 628-29, 32 S.E. 34, 36 (1899); 13 S. Williston, § 1596.

For the foregoing reasons, we will reverse those parts of the judgment which limited the period of Taylor's recovery and awarded the co-trustees' attorney's fees; we will affirm that part of the judgment awarding a recovery of sums erroneously paid Wiglesworth by the co-trustees; and we will remand the cause for further proceedings consistent with this opinion.

*Reversed in part,*
*affirmed in part,*
*and remanded.*