## CIRCUIT COURT OF ARLINGTON COUNTY

In re Estate of
John B. Cary, Jr.

November 27, 1995

Case No. 18187

■■■■■■

BY JUDGE WILLIAM L. WINSTON

The court in reviewing the exceptions which were filed in this case has been aided greatly by the briefs which counsel have filed. I have tried also to be guided by the general principles of law relating to commissioners' hearings which are referred to in the course of this memorandum. The point of beginning should be the recent case of *Morris v. United Virginia Bank*, 237 Va. 331, 337 (1989), where exceptions were filed to a commissioner's report following a debts and demands hearing.

The Court in *Morris* stated the role of the trial judge:

Nevertheless, such a hearing is not a trial de novo. We stated the applicable principles of law in *Hill v. Hill*, 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984): "While the report of a commissioner in chancery does not carry the weight of a jury's verdict, Code § 8.01-610, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence. This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence . . . but is not applicable to pure conclusions of law contained in the report . . . [W]here the chancellor has disapproved the commissioner's findings, this Court must review the evidence and ascertain whether, under a correct application of the law, the evidence supports the findings of the commissioner or the conclusions of the trial court. Even where the commissioner's findings of fact have been disapproved, an appellate

court must give due regard to the commissioner's ability, not shared by the chancellor, to see, hear, and evaluate the witnesses at first hand."

Not only is the hearing conducted by the court not a trial *de novo*, the court in reviewing the record does not in essence review it *de novo*. When the report comes to the court, the findings of fact contained in it, where supported by the evidence, are final. This rule is founded upon the fact that the commissioner had the benefit of being in the witnesses' presence, hearing and observing them while testifying and having the opportunity of weighing the testimony and inspecting the physical evidence as it was introduced.

The report's presumption of correctness does not extend to conclusions of law or to findings resulting from an erroneous application of the law. *Hill v. Hill*, 227 Va. 569 (1984).

The exceptants contend that the report lacks specific findings of fact in that it is conclusory in nature based largely upon the commissioner's personal experience and the application of "rough justice." None of these assertions is justified. Implicit in the report are the findings of fact necessary for the commissioner to reach the conclusions stated in his report.

The hearing before the commissioner lasted for three days. Much of the testimony was irrelevant to the issues presented to the commissioner. The testimony of Mr. Vaughn, however, was very much on point, and it was that evidence which the court finds together with the testimony taken in the presentation of the executor's case to be of greatest assistance in reaching its ruling on the exceptions.

The decedent, John B. Cary, Jr., and his executor, Bowlman T. Bowles, Jr., were long-time friends dating back to their years in college. The executor had been Mr. Cary's lawyer long before his involvement in this estate. The representation had generally been in the field of taxation, business, estate planning, and matters of a general nature.

The will contained a clause relating to fiduciary compensation that is "usual and customary at the time for like services rendered in like circumstances." This provision should be construed in the light of the friendship between the men and the attorney-client relationship. It is clear that the commissioner did this.

The administration of the estate involved a number of legal matters that were not routine. For those matters which were routine, the commissioner allowed no fees, but because some of the matters were out of the ordinary, fees were allowed. The executor is permitted to charge a fee for those legal

matters which are over and above his normal duties. *Swank v. Reherd*, 181 Va. 943 (1943). The Commissioner did not err in permitting him to make such charges.

The exceptions of the residuary beneficiaries may be put into four groupings as they did in their exceptions filed to the report.

The first, under the heading *Executor Discretion*, involves the question of selecting the wording on a monument or tombstone. I was told at the hearing that this had been settled, but if that is not the case, it is clear that the authority granted in Article II of the will permits the executor to choose a marker that has been suitably marked or worded. This exception is overruled.

The second is *Removal of Executor*, which involves the allowance of a fee for Mr. Bowles as well as for outside counsel. The commissioner allowed outside counsel's fee as rendered and allowed to the Bowles firm $25,120.00, being that portion of a bill for $48,236.00 allocable to the removal defense. The law on this subject appears to be well settled. *Willson v. Whitehead*, 181 Va. 960, 966 (1943). *Willson* allowed the recovery of the costs of defense where the suit to remove was unsuccessful and unwarranted. *Clare v. Grasty*, 213 Va. 165, 171 (1972), disallowed legal expenses incurred in a contested qualification where the court found that the personal representative was acting "clearly contrary to the testator's expressed intention." That conduct was not present here. The record clearly supports the commissioner's necessary finding that the fiduciary conduct present in *Clare* was not present here. It is unimportant whether the "removal action" was instituted for the vindication of the beneficiaries' feeling that they had been treated rudely or whether it was for the fiduciary's removal for alleged misconduct. It was clearly for the latter, and the commissioner necessarily found that to be the case. Implicit in his ruling is the finding that the overcharges which were scaled back by him did not amount to misconduct. Thus, of course, the removal was never ordered.

The court finds that the commissioner did not abuse his discretion in allowing the fees in question. Accordingly, the exception with respect to the *Removal of Executor* is overruled.

The third exception is under the general heading of *Compensation*. There is no firm or rigid rule fixed by statute or case law to guide those charged with the responsibility of fixing the compensation of executors. *Bickers v. National Bank, Ex'r.*, 201 Va. 257, 262 (1959), recognized this to be the state of the law, which remains unchanged.

> In determining what is reasonable compensation to the executor, the chancellor should take into account the value of the estate, the character of the work, the difficulties encountered, and the results obtained. No hard and fast rule can be applied in all cases. In some instances, 5% upon the appraised value of the property coming into the hands of the executor would not be sufficient; in others, it would be too much. "The allowance or refusal of compensation rests in the sound discretion of the court under the circumstances of each case." *Virginia Trust Co. v. Evans*, 193 Va. 425, 433, 69 S.E.2d 409, 414 (1952).
>
> As stated in *Williams v. Bond*, 120 Va. 678, 686, 687, 91 S.E. 627 (1917):
>
> "Where no compensation at all is named in the will, the rule is that the allowance shall be reasonable, being usually five per cent on receipts, subject to increase or reduction of this rate under peculiar circumstances."

The commissioner scaled back the executor's commission from $93,693.00 to $90,000.00. This latter amount was based upon 5% of an estate value of $1.8 million.

In addition, the executor sought an attorney's fee of $56,847.00. This was reduced to $28,423.00 or fifty percent of the amount claimed. During the course of the proceedings before the commissioner, he heard the testimony of Robin Morgan, David W. Whitehead, and Bowlman T. Bowles on the subject of the work done by the executor for the estate. It was all described by Mr. Bowles and his two associates. The commissioner also had the benefit of the testimony of Patrick Vaughn, an attorney who practices in northern Virginia and specializes in probate law. Mr. Vaughn was called as an expert by the residuary beneficiaries.

Objection was made by Mr. Miller for the executor to this testimony on the ground that such testimony would invade the province of the commissioner. The objection was overruled, the commissioner stating that he was accepting the testimony as an expert witness, "but once again, I am not bound. I am just taking it for information." To that statement, Mr. Schroll replied, "Of course not."

From a review of the record in the case, it is apparent that the commissioner utilized the testimony of Mr. Vaughn in reducing the fees in the case. That testimony is in support of the findings in the report.

Under § 26-30, Virginia Code, the commissioner is granted the authority to set the amounts of expenses and commissions.

The commissioner, in stating and settling the account, shall allow the fiduciary any reasonable expenses incurred by him as such; and also, except in cases in which it is otherwise provided, a reasonable compensation in the form of a commission on receipts or otherwise. If a guardian, committee, or other fiduciary renders services with regard to real estate owned by the ward or beneficiary, compensation may also be allowed for the services rendered with regard to the real estate and the income therefrom or the value thereof.

Under this grant of authority, the commissioner is not bound to accept all or any of the testimony of an expert. As with any other judicial officer, he is a trier of fact and may weigh the testimony of the witness and give to it so much weight as he finds it deserves. He is not limited by the scope of the expert's opinion, nor is he precluded from relying upon his own common sense or experience in weighing the evidence before him. Under his statutory grant of authority, the power exists to allow expenses and a commission whether there has been an evidentiary hearing or not. The restriction upon this grant is one of reasonableness, which means that the compensation is to be measured by the conscience of the court. *Trotman v. Trotman*, 148 Va. 860, 868 (1927); *Virginia Trust Co. v. Evans*, 193 Va. 425, 431 (1952). The trend of the decisions on the subject of the allowance of compensation to fiduciaries is in the direction of a fact-specific analysis of each case rather than the application of a general rule.

The decisions subsequent to 1927 are not in complete harmony. A careful reading of them discloses that each turned upon some peculiar circumstances. *Virginia Trust Co., supra*, at p. 431.

Under the general heading of *Fees and Expenses*, the excepting residuary beneficiaries include the disallowance of twenty-five percent of their attorneys' fees and one-half of Mr. Vaughan's expert witness fee. The commissioner allowed a fee to the exceptant's attorney, although the litigation did not result in the removal of the fiduciary. The court is of the opinion that he could do this because through the efforts of the attorney, the value of the estate was increased. He observed the work being done, heard the testimony of the expert, and was in an advantageous position to establish the amount of each fee which should be charged to the estate. The record supports each of these findings, and the court finds that they were not the result of arbitrariness or the misapplication of the law by the commissioner.

The court concludes that the exceptions set forth under paragraphs A through D of the *Beneficiaries' Exceptions to the Commissioner's Report* be and the same hereby are overruled. At oral argument, counsel for the executor advised the court that unless the beneficiaries' exceptions were sustained, his were withdrawn.