COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Petty and Senior Judge Bumgardner


DARRYL S. HARRIS

                                                            MEMORANDUM OPINION[*]
v.       Record No. 2703-10-3                                    PER CURIAM
                                                                 JUNE 7, 2011
COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 *ex rel.* KATHERINE PAINTER


                    FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                              Victor V. Ludwig , Judge

            (Darryl S. Harris, *pro se*, on brief).

            (Kenneth T. Cuccinelli, II, Attorney General; Craig M. Burshem,
            Senior Assistant Attorney General; Beth J. Edwards, Regional
            Senior Assistant Attorney General; Alice G. Burlinson, Regional
            Senior Assistant Attorney General; Steven P. Roadcap, Senior
            Assistant Attorney General, on brief), for appellee.


        Darryl S. Harris (father) appeals a November 18, 2010 order denying his motion to amend

and reduce his monthly child support obligation.  Father argues that the trial judge erred in failing to

provide a written explanation for the departure from the statutory child support guidelines set out in

Code § 20-108.1(B), that an arrearage should not be the lone factor in denying a material change in

circumstances, and that the trial judge erred in denying his material change of circumstances based

solely on the fact that he was in arrears upon his unemployment.  Upon reviewing the record and

briefs, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial judge.  See Rule 5A:27.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On October 24, 2007, the Commonwealth of Virginia, Department of Social Services, Division of Child Support Enforcement (Division) entered an administrative support order (ASO), which required father to pay monthly child support of $312 to Katherine Painter (mother). On May 3, 2010, father filed a motion to amend the ASO because he was unemployed, he had exhausted his unemployment benefits, and he had no income. On May 18, 2010, the juvenile and domestic relations district court (JDR court) denied father's motion to amend. On a *de novo* appeal, the circuit court denied father's motion to amend.[1]

On appeal, we view the evidence and all reasonable inferences in the light most favorable to the appellee as the prevailing party below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

At the time of the ASO, father worked at the Pink Cadillac, earning $8.00 per hour and working forty hours per week, yielding a monthly income of $1,385.60. At some point, father left his employment with Pink Cadillac to seek employment with an entity in Roanoke earning $11.00 per hour. On June 10, 2009, father's employment with the Roanoke entity was terminated due to a prior felony conviction. According to father, he had not concealed the conviction, but he simply had not been asked about it. A Division worker testified father was in arrears in the amount of $2,649.10 at the time he lost his employment with the Roanoke entity. At the time of the hearing, father was in arrears in the amount of $3,453.37. The trial judge found that father came before the

---

[1] The Division argues father failed to invoke the JDR court's jurisdiction by either directly appealing the ASO pursuant to Code §§ 63.2-1942 and 63.2-1943 or by filing an initial petition for support pursuant to Code § 16.1-260(A). Code § 63.2-1916.17 provides that "[a]ny changes in the amount of the administrative support order must be made pursuant to this section" and "[t]he existence of an administrative order shall not preclude either an obligor or obligee from commencing appropriate proceedings in a juvenile and domestic relations district court or a circuit court." Any changes in the amount of father's ASO must be made pursuant to Code § 63.2-1916.17 and father was not required to proceed under Code §§ 63.2-1942, 63.2-1943 or 16.1-260(A) to seek to modify his ASO. The JRD court had jurisdiction to consider father's motion to amend the 2007 ASO.

court with unclean hands since there was a substantial outstanding arrearage before father lost his employment. The trial judge also found that father failed to carry his burden of proof to reduce support because father failed to offer evidence as to his expenses or as to any change in the child's needs.

On appeal, father argues that the trial judge failed to provide a written explanation for the departure from the statutory child support guidelines of Code § 20-108.1(B) and that an arrearage should not be the lone factor in denying a material change in circumstances. There is no evidence in the signed statement of facts that father presented these arguments to the trial judge. Accordingly, Rule 5A:18 bars our consideration of this issue on appeal. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Father argues the trial judge erred in denying his motion to modify based solely on the fact he was in arrears upon his unemployment.

"'[H]e who asks equity must do equity, and he who comes into equity must come with clean hands.'" Albert v. Albert, 38 Va. App. 284, 299, 563 S.E.2d 389, 397 (2002) (quoting Walker v. Henderson, 151 Va. 913, 927-28, 145 S.E. 311, 315 (1928)). Abuse of discretion is the standard we use in reviewing a decision of a trial court to deny equitable relief based upon the doctrine of unclean hands. Wiglesworth v. Taylor, 239 Va. 603, 608, 391 S.E.2d 299, 303 (1990).

Based upon a review of the circumstances in this case, we cannot say that the trial judge abused his discretion in applying the doctrine of unclean hands. When father sought to reduce his support obligation due to the loss of employment, he had an accumulated child support arrearage of $2,649.10. Moreover, the record fails to support father's argument that the trial judge denied his motion based solely on the fact he was in arrears upon his unemployment. The statement of facts provided that father also failed to carry his burden of proof to reduce support because he failed to offer evidence as to his expenses or as to any change in the child's needs.

Accordingly, we summarily affirm the trial judge's decision to deny father's motion to modify his child support obligation.

<u>Affirmed.</u>