# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

In re Estate of ·
Robert T. Denommé

April 7, 2016

Case No. CWF 11-40

By Judge Richard E. Moore

I have re-read and thoroughly reviewed all of the "pleadings" in this case, being the Commissioner's Report of Accounts, Respondent's Exceptions, the various attachments and supporting documentation filed, Respondent's Brief, and the various cases cited.

It is my view that I should accept the Commissioner's conclusions in all respects except one. I will explain my conclusions below.

*Issues Presented*

The issues before the court relate to attorney's fees the Executor incurred for services and advice provided him as Executor, paid for out of the estate, which the Commissioner has deemed improper and not for the benefit of the estate but of the Executor and which he ordered refunded to the estate. These fees fall into three categories:

1. Fees for advice related to the Commissioner's questioning the amount of time and effort spent by the Executor in rehabilitating property to be sold;

2. Fees incurred in relation to the Commissioner's objecting to an unsecured loan made by the Executor to himself as Trustee for another trust;

3. Fees for advice relating to the Commissioner's challenging the payment of old legal bills the decedent had incurred with the Executor in his personal capacity.

*Facts*

Robert T. Denommé died May 24, 2011. On June 7, 2011, his long-time attorney James N. Deinlein qualified as the Executor of his estate. The Executor filed an Inventory listing assets of the estate, and he also filed three Accounts listing disbursements.

On September 9, 2013, the Commissioner of Accounts, Edward H. Bain, Jr., sent a letter to the Executor questioning (1) the hours spent on the sale of a parcel of real estate and asking for evidence of approval by the residuary beneficiary and (2) significant unsecured loans he made, and asking for his authority for making such loans.

On December 6, 2013, the Commissioner more specifically notified the Executor of the Commissioner's concerns regarding (1) payment of bills for the Executor's legal fees for work personally performed and legal services rendered several years before the testator's death — in some cases going back seven years — such not being collectable under the statute of limitations (and asking for some explanation); (2) unsecured loans made to an unrelated trust for which the Executor was the trustee; (3) certain attorney's fees; (4) expenses of the sale of the residence (and asking for any correspondence from the residuary beneficiary); and, (5) administrative expenses charged by the paralegal. He asked for complete disclosures and said a hearing could be scheduled, if desired.

Instead of responding to the Commissioner's inquiries, the Executor determined to retain and consult with counsel, something he has a right to do as an individual. The Commissioner was then contacted by counsel for Mr. Deinlein. After learning of such, the Commissioner informed the Executor, by letter of December 13, 2013, that any such legal expenses incurred were not allowable expenses of the Executor in such situation and thus should not be paid from the estate.

The Commissioner found that the loan to the other trust was inappropriate but that there was no loss to the estate so there was no penalty, and he did not pursue it further. He did not conclude, however, that it was permissible or proper.

On January 17, 2014, counsel for the Executor filed in response a Memorandum to the attention of Edward H. Bain, Jr., Commissioner of Accounts. He asserted that, from 2004 until decedent's death in 2011, he provided estate planning services to the decedent. On June 10, 2011, he simply paid invoices for past legal services. He argues that they were continuing services, and the statute of limitations had not run because the undertaking had not terminated. He also argues that the Executor had the right to make loans under the Prudent Investor Rule, but does not specifically argue that unsecured loans fall under the Rule.

The Commissioner also sought and, on May 12, 2014, received, input from the residuary beneficiary. The Commissioner also, in a letter of January 14, 2014, expressed concern over the second Account, regarding the legal

assistant's charges, but that is not at issue in this matter. The residuary beneficiary said that it did not object to the expenses and legal fees relating to making the house marketable. So the Commissioner failed to pursue those further, as well. In the letter of May 12, 2014, the residuary beneficiary also does not object to payment of the old legal fees as a "continuation of services," in spite of the statute of limitations. The residuary beneficiary also said it would defer to the Commissioner as to the reasonableness of various charges, fees, and expenses.

As a result of the Commissioner's decision not to pursue the loan to the other trust (because there was no financial loss from this) or the expenses and fees related to making the house marketable, the Executor repeatedly states that the matters were all resolved in his favor. However, overlooking some of the asserted improprieties does not mean such were resolved in the Executor's favor legally, and, in the letter of the residuary beneficiary, he agrees that the statute and the prudent investor rule contemplate that all loans be secured and observes that these were not.

Thus, on September 18, 2014, the Commissioner sent the Executor a letter detailing what billed hours he was not going to accept. On October 10, 2014, the Executor filed the third and final Account. On January 26, 2015, the Executor responded with his objections to the Commissioner's findings, but stated his intention to write off certain of the challenged amounts.

The Commissioner's letter to the Court of September 24, 2015, demanded that the Executor restore $17,295.92 in charges made by and paid to Executor's counsel in response to the questions raised in the Commissioner's September 9 and December 6, 2013, letters. In making this demand, the Commissioner reasoned that the fees charged were not reasonable given the fact that the Executor could have responded to the Commissioner's inquiries without retaining counsel and that both the Executor and his legal assistant's fees were not in proportion to the complexity of the estate. Although the Commissioner also had concerns about the reasonableness of the fees charged in connection with the rehabilitation of the real estate, he declined to further review those fees because the residuary beneficiary did not object to them. The Executor also argued the rehabilitation of the real estate was ultimately a benefit to the estate. He testified at the hearing that this estate required additional time, much more than usual, especially to get the real estate ready to sell, and that the estate benefitted from that.

On October 9, 2015, the Executor by counsel filed his exceptions to the Commissioner's Report. He asserts that the legal fees charged by counsel to respond to and counter "erroneous and adverse" legal positions are an expense of the estate and that the Executor should not have to refund the fees. He said the advice was regarding (1) rehabilitation of the house to get it ready for sale, (2) loans to himself as trustee of another trust, and (3) payment of legal fees to the Executor in his individual capacity from

several years prior, all of which he says were wrongly challenged by the Commissioner.

He responds further that he may have been able to respond without counsel, but that would have required extensive time and research and he would be entitled to compensation for that, so he hired MartinWren to do so on his behalf.

He argues that, ultimately, all three issues were resolved in favor of the Executor (this is a repeated key point in his position) and that he should not be liable for or forced to restore legal fees expended to counter "erroneous and adverse" legal claims.

### Analysis and Case Authority

In general, trustees, executors, and other fiduciaries are entitled to reimbursement of their expenses, including attorney's fees, necessary for and in the proper administration of the trust or estate. This would include advice and legal services and representation to benefit the estate.

This general rule applies where "trustees are free from all blame or fault" and where "they perform their duties faithfully, and are guilty of no unjust, improper, or oppressive conduct." *Willson v. Whitehead,* 181 Va. 960, 965 (1943). The Court in *Willson* addressed the legal fees due a trustee defending himself against a removal action and allegations of fraud and mismanagement. It noted the trustee was a "successful businessman" of "high repute" and that he successfully defended the charges brought against him. The trial court "fully and completely exonerated him" from all blame or censure, except on three points but held that he should be removed as trustee regardless. *Id.* at 963.

However, upon review, the Supreme Court found that there was no basis to remove him as a trustee, observing that "there is not a particle of evidence tending to show that he is incapable or unfit to act as trustee" or which "reflects upon his character, or . . . tends to show that he is not honest or moral," and that he is "above reproach". *Id.* at 963-64. Furthermore, because there was no basis to remove him, his resistance of such efforts was for the benefit of the estate and to effectuate the testator's intent. Therefore, he was not required to pay the legal fees incurred to protect the integrity of the estate. *Id.* at 968.

Similarly, the court in *In re Estate of Cary,* 37 Va. Cir. 376, 380 (Arlington Co. 1995), held that the reasonableness of legal fees incurred in defending a trustee from removal was up to the conscience of the court. Such fees were reasonable where the action for removal was "unsuccessful and unwarranted." *Id.* at 378.

In *Ward v. NationsBank,* 256 Va. 427 (1998), the beneficiaries sued the trustee for breach of the trust agreement, alleging he executed a purchase option without authority, agreed to a deed of trust to secure loaned funds for the development of the property, and, ultimately, conveyed the trust

property. The Court found that the trustee had authority to grant the purchase option, and exercised such in a prudent manner, the deed of trust benefitted the trust, and the exercise of the option effectuated the will of the grantor. *Id.* at 431. The trial court declined to remove the trustee and awarded him attorney's fees for defending the suit because, although his actions were the basis for the suit, he had a good faith basis for defending his actions as trustee, there was no evidence warranting his removal, and his actions benefitted the trust. *Id.* at 441. Citing *Willson* in ruling that it was reasonable to award the fees and that the trustee had used reasonable judgment, the court stated:

> The correct application of *Willson* is that a trustee, who has the duty to defend the actions challenged as detrimental to the trust, is entitled to attorney's fees when he has been called on to defend himself against a charge of dereliction of duty, and there is neither substantial evidence that the trustee wasted or mismanaged the trust nor evidence of any conduct warranting the removal of the trustee.

256 Va. at 441.

However, in contrast, the Court in *Clare v. Grasty*, 213 Va. 165 (1972), while acknowledging the appropriateness of reasonable attorney's fees incurred in carrying out duties to the estate, held that, where there was "conduct so detrimental to the estate [the trustee] had to be enjoined" and where the conduct was ultimately to benefit the trustee, attorney's fees were not due. It did, however, hold that partial fees could be allowed where some services met the reasonable standard and others did not. *Id.* at 172. *In re Estate of Cary,* at 378, also made it clear that the Court may allow a partial award, citing *Clare*, above, and *Willson.*

Similarly, in *Wiglesworth v. Taylor,* 239 Va. 603, 609 (1990), citing *Clare*, 213 Va. at 172, the court held that, although trustees are entitled to reasonable attorney's fees for defending a trust, "a trustee should not receive such reimbursement when he caused the litigation." The court held that the co-trustees' negligent distributions of income to the bankrupt appellant caused the litigation and must be borne personally.

In light of these holdings, the pertinent questions in this case are: whether the attorney's fees were reasonably necessary to further the interests of, or for the benefit of, the estate and beneficiaries, or just (or at least primarily) for the benefit of the executor," and whether the Executor was acting in good faith and prudently when he retained additional legal services.

It is important to note that all of the cases cited, and that I have come across, involve a suit or formal challenge being brought by a beneficiary, co-trustee, or other such party, rather than a mere administrative inquiry by a Commissioner of Accounts or some similar official. This distinction is not

necessarily dispositive, but it is significant. In our case, the Commissioner of Accounts was asking for information or explanations.

It is the Court's view that the Commissioner was correct in questioning all three of the items. Contrary to Respondent's views, I do not find that all of the matters were "resolved in his favor," but rather, that the matters were just not pursued further. I also do not find that the residuary beneficiary sided with the Executor, except on the issue of the rehabilitating the property to the extent it impliedly agreed that rehabilitation was beneficial to the property's marketability.

The residuary beneficiary also chose not to challenge the payment of the past legal fees, and did not assert the statute of limitations on those claims, but, in my view, this acquiescence, unlike the work on the real estate to make it ready for sale, did not benefit the estate, but rather the Executor, and the acquiescence of the residuary beneficiary does not equate to approval. And I do not accept that this is one large continuation of service that avoids the statute of limitations, reaching back to as far as there were unpaid legal bills.

Although the Commissioner makes a legitimate claim that the expenses put into the rehabilitation and preparing of the property for marketing were excessive, the Court finds that there is a basis in the evidence adduced to conclude that the Executor was acting in good faith in trying to get the property sold. Therefore, the Court will not require reimbursement of any legal fees attributable to responding to the inquiry about the efforts and expenses made in an attempt to market the property.

However, as to the other two matters, the challenging of the making of the unsecured loan to another trust and the payment of old legal bills, I do not find the same. It is my view that the Executor's retaining of counsel as to those two matters was not necessary to the administration of the estate — both were past events — and was primarily, if not solely, for the benefit and protection of himself. The loan should have been secured by collateral or surety; that seems not to be disputed. The fact that the loan did not result in any financial loss was not an affirmation that the Executor was right or without fault, though he seems to say so. Furthermore, while he asserts that the matter was resolved in his favor, the residuary beneficiary's letter reflects its agreement with the Commissioner that the loan was improper and unjustified as made. Finally, I do not find the payment of old legal debts was proper in the way it was done, and I do not believe that the attorney's fees relating to this should be borne by the estate. Clearly the Executor was the party in interest in this matter, as the recipient of the funds and the provider of the legal services to the decedent years prior to the administration of the estate. Again, the Commissioner's inquiries were not a lawsuit or removal action, but rather a reviewing official simply seeking information and an explanation.

*Conclusion*

I will sustain the Commissioner's findings and overrule the Executor's objections in large part. I will require the Executor to refund to the estate any attorney's fees paid from the trust attributable to any advice sought or received regarding the unsecured loan and the old legal bills. I will not require a reimbursement of any attorney's fees attributable to the rehabilitation of the property for sale. To the extent such fees are delineated, they shall be so refunded. To the extent they are not delineated, but are listed in the aggregate, I will require two-thirds to be refunded, and one-third is not required to be.

Using the figures submitted by counsel for the Executor, which the Commissioner did not challenge or dispute, and which I do not question, I will not require reimbursement of the $1585 relating to the sale of the real estate. I will require the Executor to restore to the estate $602.50 relating to the old legal fees and $422.50 relating to the unsecured loan to the trust. In addition, as there is $13,942.50 listed in unapportioned fees, I will require the Executor to refund $9,295.00, being two-thirds of the entire amount. I will not require a refund of the $60 in finance charges. Thus, the total to be repaid to the estate is $10,320.00, being $9295.00 plus $1025.00, instead of the $17,295.92 directed by the Commissioner of Accounts.